1    BRIAN L. JOHNSRUD, State Bar No. 184474
     JENNIFER LOTZ, State Bar No. 196925
2    CURLEY, HURTGEN & JOHNSRUD LLP
     4400 Bohannon Drive, Suite 230
3    Menlo Park, CA 94025
     Telephone:   650.600.5300
4    Facsimile:   650.323.1002
     E-mail:  bjohnsrud@chjllp.com
5             jlotz@chjllp.com

6    Attorneys for Defendant
     JUUL LABS, INC.
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MARCIE HAMILTON,                      Case No. 3:20-CV-3710-EMC

12              Plaintiff,                 **DEFENDANT JUUL LABS, INC.'S
                                           MOTION TO DISMISS FOR FAILURE
13      v.                                 TO STATE A CLAIM AND MOTION TO
                                           STRIKE; MEMORANDUM OF POINTS
14   JUUL LABS, INC.,                      AND AUTHORITIES (F.R.C.P. 12(b)(6)
                                           AND 12(f))**
15              Defendant.
                                           DATE:    August 20, 2020
16                                         TIME:    1:30 p.m.
                                           DEPT:    Courtroom 5, 17th Floor
17                                         JUDGE:   Hon. Edward M. Chen

18

19

20

21

22

23

24

25

26

27

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ................................................................................................ 3

II.  STATEMENT OF FACTS ................................................................................. 4

III. STANDARD OF REVIEW ............................................................................... 7

IV.  LEGAL ARGUMENT ....................................................................................... 8

    A.   The First Through Fifth Causes Of Action Fail To State A PAGA Claim Because Hamilton Fails To Allege Facts Sufficient To Establish That The Underlying Agreements And Policies Violate The Labor Code............................ 8

        1.   The Agreements Do Not Violate §§ 1102.5, 96(k), 98.6, 232, 1197.5(k), Or 232.5. ........................................................................................ 10

        2.   Hamilton Fails To Allege Facts Sufficient To Establish That JLI's "Policies and Practices" Violate § 1102.5, 96(k), 98.6, 232, 1197.5(k), Or 232.5. ........................................................................................ 13

    B.   Hamilton's Second PAGA Cause Of Action Also Fails To State A Claim For Violation Of Labor Code §§ 96(k) And 98.6 Because Neither Provision Protects The Speech Of Private Employees............................................................ 14

    C.   Hamilton's Fifth PAGA Cause Of Action Also Fails To State A Claim For Violation of Labor Code § 432.5 Because She Cannot Plead a Violation of The Underlying Laws On Which She Relies, Let Alone That JLI Required Her To Agree To A Condition It Knew Was Prohibited By Law......................... 15

        1.   Hamilton Fails To Allege Facts Sufficient To Establish A PAGA Claim Predicated On A Violation Of Business & Professions Code § 17200.................................................................................................... 15

        2.   Hamilton Fails To Allege Facts Sufficient To Establish A PAGA Claim Predicated On A Violation Of Business & Professions Code § 16600 Or The Cartwright Act. .................................................... 16

        3.   Hamilton Fails To Allege Facts Sufficient To Establish A PAGA Claim Based on a Violation Of Government Code § 12964.5................... 17

        4.   Hamilton Fails To Allege Facts Sufficient To Establish A Violation Of Rule 21F-17 Of The SEC.................................................................... 19

        5.   Hamilton Fails To Allege Facts Sufficient To Establish A Violation Of The Defend Trade Secrets Act. ......................................................... 19

1

**TABLE OF CONTENTS**
**(cont'd)**

2

Page No.

3

4          6.    Hamilton Fails To Allege Facts Sufficient To Establish A Violation
                  Of Laws Prohibiting Employers From Preventing Employees From
5                 Disclosing Potentially Illegal Conduct..........................................................20

6          7.    Hamilton Fails To Allege Facts Sufficient To Establish A Violation
                  Of Labor Code §§ 96(k), 98.6, 232, 232.5, 1102.5, And 1197.5(k). .........21

7
       D.    Hamilton's Derivative Sixth Cause Of Action For Unfair Competition Fails
8            To State A Claim...........................................................................................................21

9      E.    Alternatively, The Court Should Dismiss Or Strike Hamilton's Demands For
             A Jury Trial, Injunctive Relief, And Interest On PAGA Penalties And Strike
10           Immaterial Allegations. ..............................................................................................21

11           1.    Hamilton Has No Right to a Jury Trial. .....................................................21

12           2.    Hamilton Has No Right To Injunctive Relief. ...........................................22

13           3.    Hamilton Has No Right To Interest On PAGA Penalties. ........................24

14           4.    The Court Should Strike Paragraphs 1, 2, And 22 As Immaterial and
15                 Impertinent. ...............................................................................................25

16   V.    CONCLUSION.........................................................................................................................25

17

18

19

20

21

22

23

24

25

26

27

28

Curley, Hurtgen &
Johnsrud LLP
Counselors At Law
Menlo Park

ii

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page No(s).</u>

3

**Cases**

4

*Acad. of Motion Picture Arts & Sci. v. GoDaddy, Inc.*
   2015 WL 12697732 (C.D. Cal. Apr. 10, 2015) ........................................................ 22

5

*Asahi Kasei Pharma Corp. v. CoTherix, Inc.*
   204 Cal. App. 4th 1 (2012) ................................................................................... 17

6

*Beebe v. Mobility, Inc.*
   2008 WL 474391 (S.D. Cal. Feb. 20, 2008) ......................................................... 16

7

8

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................................... 7, 16

9

*Cel-Tech Comm., Inc. v. L.A. Cellular Telephone Co.*
   20 Cal. 4th 163 (1999) ............................................................................................ 21

10

11

*Cole v. Oroville Union High Sch.*
   228 F.3d 1092 (9th Cir. 2000)................................................................................. 23

12

*Cunha v. IntelliCheck, LLC*
   254 F. Supp. 3d 1124 (N.D. Cal. 2017) ................................................................. 24

13

14

*Drumm v. Morningstar, Inc.*
   695 F. Supp. 2d 1014 (N.D. Cal. 2010) ................................................................. 24

15

*Edwards v. Arthur Andersen LLP*
   44 Cal. 4th 937 (2008) ...................................................................... 3, 9, 10, 11, 12

16

17

*Gamble v. GMAC Mortg. Corp.*
   2009 WL 400359 (N.D. Cal. Feb. 18, 2009) ........................................................... 8

18

*Glenn K. Jackson Inc. v. Roe*
   273 F.3d 1192 (9th Cir. 2001)................................................................................. 21

19

20

*Greencycle Paint, Inc. v. Paintcare, Inc.*
   250 F. Supp. 3d 438 (N.D. Cal. 2017) ................................................................... 17

21

*Grinzi v. San Diego Hospice Corp.*
   120 Cal. App. 4th 72 (2004) ................................................................................... 14

22

23

*Hodge v. Super. Ct.*
   145 Cal. App. 4th 278 (2006) ................................................................................. 22

24

*HYP3R Inc. v. Mogimo Inc.*
   2017 WL 11515712 (N.D. Cal.  Nov. 8, 2017)................................................. 23, 25

25

26

*Johnson v. Fed. Home Loan Mortg. Corp.*
   793 F.3d 1005 (9th Cir. 2015).................................................................................. 8

27

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

iii

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1

## TABLE OF AUTHORITIES
### (cont'd)

2

Page No(s).

3

*Khan v. K2 Pure Solutions, LP*

4

2013 WL 6235572 (N.D. Cal. Dec. 2, 2013) ............................................................. 23

5

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) ............................................................................................ 15

6

*Lawrence v. Lenders for Cmty. Dev.*

7

2010 WL 4922662 (N.D. Cal. Nov. 29, 2010)............................................................. 7

8

*Loral Corp. v. Moyes*
174 Cal. App. 3d 268 (1985)...................................................................................... 17

9

*Madison v U.S. Bancorp*

10

2015 WL 355984 (N.D. Cal. Jan. 27, 2015) ............................................................. 23

11

*Microsoft Corp. v. Hon Hai Precision Indus. Co.*
2019 WL 3859035 (N.D. Cal. Aug. 16, 2019)............................................................. 8

12

*Miranda v. Coach, Inc.*

13

2015 WL 636373 (N.D. Cal. Feb. 13, 2015) ............................................................. 23

14

*Morrison v. Viacom, Inc.*
52 Cal. App. 4th 1514 (1997) .................................................................................... 17

15

*Moua v. Int'l Bus. Machs. Corp.*

16

2019 WL 1318376 (N.D. Cal. Mar. 22, 2019) .......................................................... 24

17

*N.Y. City Emps. Ret. Sys. v. Berry*
667 F. Supp. 2d 1121 (N.D. Cal. 2009) ................................................................... 25

18

*NetApp, Inc. v. Nimble Storage, Inc.*

19

2015 WL 400251 (N.D. Cal. Jan. 29, 2015) ............................................................. 25

20

*Northern Ind. Gun & Outdoor v. City of Southbend*
163 F.3d 449 (7th Cir.1998)......................................................................................... 8

21

*O'Connor v. Uber Techs. Inc.*

22

2015 WL 8587589 (N.D. Cal. Dec. 10, 2015) .......................................................... 22

23

*Ochoa-Hernandez v. Cjaders Foods, Inc.*
2010 WL 1340777 (N.D. Cal. Apr. 2, 2010) ............................................................ 24

24

*Pearson Dental Supplies, Inc. v. Superior Court*

25

48 Cal. 4th 665 (2010) ................................................................................................ 9

26

*Sepulveda v. Olympus Am., Inc.*
2007 WL 9811200 (N.D. Cal. Jan. 10, 2007) .......................................................... 14

27

*Sobayo v. Chase Home Fin., LLC*

28

2009 WL 1330834 (N.D. Cal. May 13, 2009) .......................................................... 13

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

iv

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

## TABLE OF AUTHORITIES
### (cont'd)

**Page No(s).**

*Solutionz Videoconferencing, Inc. v. Davidson*
2019 WL 6872904 (C.D. Cal. Aug. 22, 2019) ........................................................... 17

*Sprewell v. Golden St. Warriors*
266 F.3d 979 (9th Cir. 2001) ....................................................................................... 8

*Stonebrae, L.P. v. Toll Bros., Inc.*
2009 WL 248101 (N.D. Cal. 2009) ............................................................................ 10

*Stout v. Hartford Life and Acc. Ins. Co.*
2012 WL 762024 (N.D. Cal. Mar. 8, 2012) ............................................................... 22

*Susilo v. Wells Fargo Bank, N.A.*
796 F. Supp. 2d 1177 (C.D. Cal. 2011) ..................................................................... 24

*Tan v. GrubHub, Inc.*
171 F. Supp. 3d 998 (N.D. Cal. 2016) ......................................................................... 8

*Thomas v. CVS Health Corp.*
2019 WL 3526344 (C.D. Cal. Aug. 1, 2019) ............................................................. 22

*Trudeau v. Google LLC*
349 F.Supp.3d 869 (N.D. Cal. 2018) ......................................................................... 10

*Villacres v. ABM Indus. Inc.*
189 Cal. App. 4th 562 (2010) ..................................................................................... 22

*Xoran Holdings LLC v. Luick*
2017 WL 4039178 (E.D. Mich. Sept. 13, 2017) ........................................................ 20

*ZB, N.A. v. Super. Ct.*
8 Cal. 5th 175 (2019) .................................................................................................. 24

**Statutes**

18 U.S.C. §1833(b)(3)(A) ........................................................................................... 20

18 U.S.C. §1833(b)(3)(B) ........................................................................................... 20

Cal. Bus. & Prof. Code § 16600 ........................................................................ 7, 16, 17

Cal. Bus. & Prof. Code § 17200 ............................................................................ 7, 23

Cal. Civ. Code § 1643 .................................................................................................. 9

Cal. Civ. Code § 3287 ................................................................................................ 24

Cal. Civ. Code § 3287(a) ............................................................................................ 24

Cal. Civ. Code § 3541 .................................................................................................. 9

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

v

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1

# TABLE OF AUTHORITIES
## (cont'd)

2

**Page No(s).**

3

4

Cal. Cov. Code § 12964.5(c)(2) ........................................................................ 19

Cal. Gov. Code § 12964.5 ...................................................................... 7, 17, 18

5

6

Cal. Gov. Code § 12964.5(c) ........................................................................ 18, 19

Cal. Gov. Code § 12964.5(c)(1) ........................................................................ 19

7

8

Cal. Gov. Code § 129645(a)(2) ........................................................................ 17

Cal. Lab. Code § 1102.5 .................................................................. 7, 10, 13, 21

9

10

Cal. Lab. Code § 1102.5(a) ........................................................................ 5

Cal. Lab. Code § 1197.5 ........................................................................ 6, 13

11

12

Cal. Lab. Code § 1197.5(k) .................................................................. 7, 10, 13, 21

Cal. Lab. Code § 1197.5(k)(1) ........................................................................ 6

13

14

Cal. Lab. Code § 203 ........................................................................ 24

Cal. Lab. Code § 232 .................................................................. 7, 10, 13, 21

15

16

Cal. Lab. Code § 232(a) ........................................................................ 6

Cal. Lab. Code § 232.5 ........................................................................ 6, 7

17

18

Cal. Lab. Code § 2698 ........................................................................ 24

Cal. Lab. Code § 2802 ........................................................................ 9

19

20

Cal. Lab. Code § 432.5 .................................................................. 4, 7, 15

Cal. Lab. Code § 96(k) .................................................. 4, 5, 6, 7, 10, 13, 14, 21

21

22

Cal. Lab. Code § 98 ........................................................................ 7

Cal. Lab. Code § 98.6 ................................................... 4, 5, 10, 13, 14, 21

23

24

Cal. Lab. Code § 98.6(a) ........................................................................ 4, 6

Cal. Lab. Code § 98.6(b) ........................................................................ 4, 12

25

26

Cal. Labor Code § 2699(g)(1) ........................................................................ 22

Cal.. Gov. Code § 12964.5(a)(1) ........................................................................ 17

27

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

vi

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

<u>**TABLE OF AUTHORITIES**</u>
**(cont'd)**

<u>**Page No(s).**</u>

**Rules**

Fed. R Civ. Proc. 8 ................................................................................................ 1, 4, 13

Fed. R. Civ. Proc. 12(b)(6)......................................................................................... 7, 25

Fed. R. Civ. Proc. 12(f) ................................................................................................. 22

SEC Rule 21F-17 ..................................................................................................... 7, 19

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

vii

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    **NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE**

2    **TO PLAINTIFF MARCIE HAMILTON AND HER ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that on August 20, 2020, at 1:30 p.m., or as soon thereafter as

4    this matter may be heard in Courtroom 5, located on the 17th Floor, of the United States District

5    Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco,

6    CA 94102, before the Honorable Edward M. Chen, Defendant Juul Labs, Inc. ("JLI" or

7    "Defendant") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure

8    12(b)(6), for an order dismissing Plaintiff Marcie Hamilton's ("Plaintiff" or "Hamilton")

9    Complaint with prejudice for failure to state a claim upon which relief can be granted.

10     Specifically, Hamilton's First through Fifth Causes of Action for violation of the Private

11   Attorneys General Act predicated on California Labor Code §§ 1102.5, 96(k) and 98.6, 232 and

12   1197.5, 232.5, and 432.5 fail to state a claim because Hamilton fails to, and cannot, establish that

13   her Proprietary Information and Invention Assignment Agreement ("PIIAA"), the corresponding

14   Termination Certification, and the Separation Agreement and Release (the "Separation

15   Agreement") she was offered but declined (collectively, the "Agreements") (i) prevent employees

16   from reporting actual or potential violations of law in violation of Labor Code § 1102.5; (ii)

17   threaten employees with discharge for engaging in constitutionally-protected free speech during

18   non-working hours away from JLI's premises in violation of Labor Code §§ 96(k) and 98.6; (iii)

19   prevent employees from disclosing or discussing wages in violation of Labor Code §§ 232 and

20   1197.5; (iv) prevent employees from disclosing working conditions in violation of Labor Code §

21   232.5; or (v) contain any terms or conditions known by JLI to be unlawful in violation of Labor

22   Code § 432.5.  Further, Hamilton's conclusory and factually bereft assertion that certain

23   unidentified "policies and practices" of JLI violate these Labor Code sections fails to satisfy the

24   pleading standard under Rule 8 of the Federal Rules of Civil Procedure and *Ashcroft v. Iqbal*, 556

25   U.S. 662, 678 (2009).

26     The Second Cause of Action fails on the further basis that employees of a private

27   employer do not have constitutionally-protected free speech rights and, therefore, provisions of

28   the Agreements and unidentified "policies and practices" that allegedly threaten employees with

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

1

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1   discharge for engaging in free speech during non-working hours cannot violate §§ 96(k) and 98.6.

2   Finally, Hamilton's derivative Sixth Cause of Action for unfair competition in violation of

3   Business & Professions Code § 17200 *et seq.* fails to state a claim upon which relief may be granted

4   because each of the underlying claims on which this claim is predicated fails.

5   Defendant also will and hereby does move the Court, pursuant to Federal Rule of Civil

6   Procedure 12(b)(6) and/or 12(f), for an order dismissing and/or striking Hamilton's demand for a

7   jury trial (page 16, lines 19-20), request for injunctive relief (page 10, line 50; page 15, ¶ 83; page

8   15, lines 23-28, page 16, lines 1-6), request for interest on PAGA penalties (at page 16, line 9),

9   and Paragraphs 1, 2, and 22 of the Complaint (page 1, lines 23-28; page 2, lines 1-5 and line 7 the

10   word "still"; page 5, lines 1-14) on the grounds that: (i) Hamilton's claims under PAGA and

11   California Business & Professions Code § 17200 arise in equity and there is no constitutional or

12   statutory right to a jury trial; (ii) injunctive relief is not available under PAGA and Hamilton lacks

13   standing to seek injunctive relief under § 17200 because, as a former employee, she cannot show

14   any real and immediate threat of future injury; (iii) interest is not available on PAGA penalties;

15   and (iv) Paragraphs 1, 2, and 22 of the Complaint, which describe the alleged bad acts of non-

16   parties, have no bearing on this matter, and are immaterial and impertinent.

17   This Motion is based on this Notice, the Memorandum of Points and Authorities below,

18   the Request for Judicial Notice and the corresponding declarations of Stephanie Moore and Brian

19   L. Johnsrud, all of which are filed and served concurrently herewith, the complete pleadings,

20   files, and records in this action, and such other oral and documentary evidence as may be

21   presented to the Court at or before the hearing on this Motion.

22   Dated: July 9, 2020                                    CURLEY, HURTGEN & JOHNSRUD LLP

23

24                                                          By____/s/ Brian L. Johnsrud_____

25                                                              BRIAN L. JOHNSRUD
                                                                Attorneys for Defendant
26                                                              JUUL LABS, INC.

27

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

2

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3        The Court should dismiss this case with prejudice because Plaintiff Marcie Hamilton

4    ("Hamilton") fails to and cannot state a claim for violation of the Private Attorneys General Act

5    ("PAGA") or California's Unfair Competition Law ("UCL") against her former employer, Juul

6    Labs, Inc. ("JLI").  Hamilton's case is based on her own erroneous and selective reading of her

7    Proprietary Information and Invention Assignment Agreement ("PIIAA"), the corresponding

8    Termination Certification, a Separation Agreement and Release (the "Separation Agreement") she

9    was offered but did not sign (collectively, the "Agreements"), and various unidentified and

10   unspecified "policies and practices."  Hamilton misreads provisions in the Agreements that

11   protect confidential business information and wrongly claims that they allegedly prevent

12   whistleblowing, competition, and free speech.  She can cite no authority to support her

13   misreading.

14       Hamilton's errant interpretation of these documents runs afoul of the cardinal rules of

15   contract interpretation set forth in *Edwards v. Arthur Andersen LLP,* 44 Cal. 4th 937, 953-54

16   (2008).  There, in determining that an employee's release agreement was lawful despite language

17   releasing "any and all" claims, the California Supreme Court held that courts must read

18   agreements in a manner that  incorporates (and does not contravene) applicable law.  The Court

19   thus held that, despite the broad release language, the agreement did not release certain

20   nonwaivable statutory protections, and was therefore neither unlawful nor void.

21       This case presents an even stronger case for dismissal.  On their face, the Agreements do

22   not prevent JLI employees from engaging in the types of activities that Hamilton wrongly

23   contends they preclude.  Far from it.  The PIIAA and Termination Certificate say nothing about

24   the conduct Hamilton claims is prohibited, and the Separation Agreement expressly confirms that

25   employees have the right to engage in protected activity.  The Court can and should dismiss the

26   PAGA claims for these reasons alone.

27       In any event, still more reasons mandate dismissal of Hamilton's claims.  For all her

28   causes of action, Hamilton cannot state a claim based on certain unidentified "policies and

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

3

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    practices," as her conclusory allegations fail to satisfy Rule 8 and *Ashcroft v. Iqbal*, 556 U.S. 662,

2    678 (2009).  Hamilton's Second Cause of Action—a PAGA claim based on Labor Code §§

3    98.6(a) -(b) and 96(k)—fails on the further basis that private employees do not have

4    constitutionally-protected free speech rights and, therefore, provisions of the Agreements and

5    unidentified "policies and procedures" that allegedly prohibit free speech cannot violate Labor

6    Code §§ 96(k) and 98.6.  Hamilton's Fifth Cause of Action—a PAGA claim based on Labor

7    Code § 432.5—is not sustainable because Hamilton does not (and cannot) plead facts that JLI

8    violated any of the laws she relies on, let alone that JLI required her to agree in writing to any

9    condition that it knew to be prohibited by law.

10          Finally, Hamilton's Sixth Cause of Action—a UCL claim— fails because it is derivative

11   of her other unsustainable PAGA claims.  Ultimately, the Court has numerous reasons to grant

12   JLI's motion and dismiss this case with prejudice.

13          Alternatively, although these arguments counsel in favor of dismissing Hamilton's entire

14   case, the Court could and should strike or dismiss Hamilton's demand for a jury trial, request for

15   injunctive relief, prayer for interest on PAGA penalties, and Paragraphs 1, 2, and 22 for still more

16   reasons.  There is no constitutional or statutory right to a jury trial for PAGA or UCL claims.

17   Further, neither injunctive relief nor interest on penalties is available under PAGA, and Hamilton,

18   as a former employee, lacks standing to seek injunctive relief under the UCL.  Finally, the Court

19   should strike paragraphs 1, 2, and 22 of the Complaint—which detail the alleged bad acts of non-

20   parties—as immaterial and impertinent.

21   **II.     STATEMENT OF FACTS**

22          Hamilton is a former "high-level managerial employee" who worked as JLI's Director of

23   Program Management for just under one year.  Complaint, ¶ 5.  Hamilton executed JLI's standard

24   PIIAA and, upon her separation, she executed a Termination Certification confirming certain

25   obligations to protect JLI's confidential business information under the PIIAA.  Complaint (ECF

26   1), ¶¶ 25, 29, 33, 34, 46, Ex. A (attaching the PIIAA); *see also* Hamilton's signed Termination

27   Certification, attached as Exhibit A to the Declaration of Stephanie Moore ("Moore Dec.") in

28   support of JLI's Request for Judicial Notice ("RJN").

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

4

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1        On March 15, 2019, JLI notified Hamilton that it intended to terminate her employment

2  and offered her a Separation Agreement.  Complaint, ¶ 36.  The Separation Agreement provided a

3  period of paid leave from March 16, 2019 through April 2, 2019 to allow for Hamilton's first

4  tranche of equity to vest, a separation payment, a "special bonus", and three months of continued

5  health benefits under COBRA.  *Id.*; Moore Dec., Ex. B, ¶ 2.  Hamilton declined to sign the

6  Separation Agreement and her employment ended.  Complaint, ¶ 41.

7        On June 4, 2020, Hamilton filed the instant six-count Complaint against JLI.  In the **First**

8  **Cause of Action**, Hamilton alleges a violation of PAGA based on Labor Code § 1102.5(a), which

9  provides in relevant part that employers "shall not make, adopt, or enforce any rule, regulation, or

10  policy" that prevents whistleblowing. Cal. Lab. Code § 1102.5(a); Complaint, ¶ 53.  Despite the

11  lack of any provision barring whistleblowing, Hamilton argues that the "confidentiality

12  requirements" in the Agreements and various unspecified "policies and practices" violate §

13  1102.5 by "preventing employees from disclosing information concerning reasonably-suspected

14  violations of the law to government agencies and public bodies" because:  (1)  the PIIAA (a)

15  defines "'Confidential Information' to mean, essentially, <u>everything</u> related to [JLI]," including,

16  among other categories, "all information of which the unauthorized disclosure could be

17  detrimental to the interest of the Company, whether or not such information is identified as

18  Confidential Information"; (b) does not contain an express carve-out for whistleblowing; and (c)

19  requires the execution of a Termination Certification upon termination; (2) the Termination

20  Certification "prohibits whistleblowing" (despite the lack of language there doing so); (3) the

21  Separation Agreement "required Hamilton to keep the existence and terms of the [Separation

22  Agreement] itself 'confidential,' even though the agreement contained extensive information

23  about working conditions and wages"; and (4) certain *unidentified* "policies and practices . . .

24  unlawfully prohibit employees from engaging in whistleblowing."  Complaint, ¶¶ 24-29, 31-35,

25  39, 42-44, 53-54.

26        In the **Second Cause of Action**, Hamilton alleges a PAGA violation based on Labor Code

27  §§ 96(k) and 98.6.  Section 98.6 provides, in part, that "[a] person shall not discharge an

28  employee or in any manner discriminate, retaliate, or take any adverse action against any

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

5

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    employee or applicant for employment because the employee or applicant engaged in any conduct

2    delineated in this chapter, including the conduct described in subdivision (k) of Section 96." Cal.

3    Lab. Code § 98.6(a).  Section 96(k), in turn, assigns to the Labor Commissioner claims "for loss

4    of wages as the result of demotion, suspension, or discharge from employment for lawful conduct

5    occurring during nonworking hours away from the employer's premises."  Cal. Lab. Code §

6    96(k).  Despite any express language precluding such activity, Hamilton contends that the

7    Agreements and unspecified "policies and practices" violate these provisions by allegedly

8    "threaten[ing] employees with discharge if they engage in lawful conduct during non-working

9    hours away from [JLI]'s premises, including speech of which [JLI] does not approve" and "the

10   exercise of free speech rights, as protected by the California and United States Constitutions."

11   Complaint, ¶¶ 25-44, 59-60.

12       In the **Third Cause of Action**, Hamilton alleges a PAGA violation based on §§ 232 and

13   1197.5, which protect the rights of employees to discuss wages.  Cal. Lab. Code §§ 232(a),

14   1197.5(k)(1) (stating that employers cannot "require as a condition of employment, that an

15   employee refrain from disclosing the amount of his or her wages" or "prohibit an employee from

16   disclosing the employee's own wages, discussing the wages of others, inquiring about another

17   employee's wages, or aiding or encouraging any other employee to exercise his or her rights

18   under this section."); Complaint, ¶ 64.  Despite any express language in the Agreements

19   precluding these activities, Hamilton claims that JLI, "through its confidentiality requirements,

20   prohibits employees from disclosing the amount of their wages, discussing the wages of others,

21   and aiding or encouraging other employees to exercise their rights under Labor Code §§ 232 and

22   1197.5."  Complaint, ¶¶ 64-65.

23       In the **Fourth Cause of Action**, Hamilton alleges a PAGA violation based on Labor Code

24   § 232.5, which similarly forbids employers from requiring "as a condition of employment, that an

25   employee refrain from disclosing information about the employer's working conditions."  Cal.

26   Lab. Code § 232.5; Complaint, ¶ 69.  Again, without citing any language forbidding this activity,

27   Hamilton alleges that JLI, "through its confidentiality requirements, requires that employees . . .

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

6

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1  refrain from disclosing information about [JLI's] working conditions" in violation of § 232.5.

2  Complaint, ¶¶ 69-70.

3      In the **Fifth Cause of Action**, Hamilton alleges a PAGA violation based on Labor Code §

4  432.5, which prohibits an employer from "requir[ing] any employee to agree, in writing, to any

5  term or condition which is known by such employer . . . to be prohibited by law." Cal. Lab. Code

6  § 432.5. Hamilton alleges that JLI "through its confidentiality requirements, require[s]

7  employees to agree in writing to terms and conditions which [it] knows are prohibited by

8  [various] laws." Complaint, ¶¶ 45, 74-75. Specifically, she claims in a conclusory fashion that

9  JLI's "confidentiality requirements" violate Business & Professions Code § 17200, Business &

10  Professions Code § 16600 and the Cartwright Act, Government Code § 12964.5, Rule 21F-17 of

11  the Securities and Exchange Commission, the Defend Trade Secrets Act, unspecified laws and

12  public policy that prohibit employees from disclosing potentially illegal conduct, and Labor Code

13  §§ 96(k), 98, 232, 232.5, 1102.5 and 1197.5(k) discussed above. *Id.*, ¶¶ 74(a)-(g), 75.

14      In the **Sixth Cause of Action**, Hamilton makes a derivative claim, contending that JLI

15  violates the UCL by "engag[ing] in unfair competition through its use of NDAs and other

16  confidentiality requirements." Complaint, ¶¶ 79-83.

17      Hamilton also improperly demands a jury trial (page 16, lines 19-20), requests injunctive

18  relief (¶ 83, and Prayer for Relief, ¶ 1), and seeks interest on PAGA penalties (Prayer, ¶ 3).

19  **III.   STANDARD OF REVIEW**

20      Under Rule 12(b)(6) , a defendant may move to dismiss an action for failure to allege

21  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

22  550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a

25  defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (internal citations omitted). "A

26  complaint is not 'plausible' if the conduct at issue is 'more likely explained by' lawful behavior."

27  *Lawrence v. Lenders for Cmty. Dev.*, No. C 10-00619 CRB, 2010 WL 4922662, at *4 (N.D. Cal.

28  Nov. 29, 2010) (quoting *Iqbal*, 556 U.S. at 680).

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

7

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    The Court is also not required "to accept as true allegations that are merely conclusory,

2    unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden St. Warriors,*

3    266 F.3d 979, 988 (9th Cir. 2001).  Nor does the Court need accept as true "allegations

4    contradicting documents that are referenced in the complaint." *Johnson v. Fed. Home Loan*

5    *Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015) (affirming dismissal of breach of contract

6    claim where contractual language contradicted allegation in pleading) (internal citation and

7    quotation marks omitted); *see also Gamble v. GMAC Mortg. Corp.,* No. C-08-05532 RMW, 2009

8    WL 400359, at *3 (N.D. Cal. Feb. 18. 2009) ("'[W]hen a written instrument contradicts

9    allegations in the complaint, . . . the exhibit trumps the allegations.'") (quoting *Northern Ind. Gun*

10   *& Outdoor v. City of Southbend*, 163 F.3d 449, 454 (7th Cir.1998)).

11       Finally, "the interpretation and construction of a written contract present only questions of

12   law, within the province of the court, and is therefore properly reached on a 12(b)(6) motion to

13   dismiss." *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2019 WL

14   3859035, at *5 (N.D. Cal. Aug. 16, 2019) (internal citation and quotation marks omitted).

15   **IV.    LEGAL ARGUMENT**

16       **A.    The First Through Fifth Causes Of Action Fail To State A PAGA Claim
           Because Hamilton Fails To Allege Facts Sufficient To Establish That The
17         Underlying Agreements And Policies Violate The Labor Code.**

18       Hamilton's First through Fifth Causes of Action fail because she does not and cannot

19   allege facts sufficient to establish that the Agreements or "policies and practices" at issue violate

20   the Labor Code provisions that serve as the predicate for her claims.  *See Tan v. GrubHub, Inc.*,

21   171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016) (dismissing PAGA claim in part to the extent it was

22   premised on insufficient predicate Labor Code violations).  In arguing that the Agreements and

23   unspecified "policies and practices" violate the Labor Code (and, in turn, PAGA), Hamilton

24   cherry picks portions of the Agreements while omitting other key provisions that are essential to a

25   comprehensive reading.  Her tortured and selective interpretation is contrary to several well-

26   established principles of contract interpretation, including those that govern employment

27   agreements.

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

8

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

The reasoning and outcome in *Edwards v. Arthur Andersen LLP* is particularly instructive and conclusively demonstrates why the Court should reject Hamilton's selective reading of the Agreements.  There, the plaintiff claimed that the release agreement he was asked to sign, which expressly covered and purported to release "any and all" claims, was unlawful because it purported to bar claims for indemnity under Labor Code § 2802, which cannot be released.  In rejecting the employee's argument that the release agreement violated the Labor Code, the Court reasoned that, because the agreement "did not *expressly* reference indemnity rights, . . . we should not read it as encompassing a waiver of Edwards's indemnity rights," and, instead, should give it "a reading . . . consistent with the tenets of contractual interpretation . . . [that] makes the contract lawful, valid and capable of being carried into effect" and which "makes it unnecessary to insert additional language or terms into the contract, which is consistent with Code of Civil Procedure section 1858." *Edwards,* 44 Cal. 4th at 953-54 (internal citations omitted; emphasis added); *see also* Cal. Civ. Code § 1643 ("A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect . . ."); Cal. Civ. Code § 3541 ("An interpretation which gives effect is preferred to one which makes void.").

*Edwards* further emphasized that courts should interpret contracts to incorporate—rather than contravene—an employee's protected rights under the Labor Code because "[a]ll applicable laws in existence when an agreement is made . . . necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated." *Id*. at 954-55. In other words, courts should "treat [an employment agreement] as if it expressly includes the substance of Labor Code" sections. *Edwards,* 44 Cal. 4th at 954-55 (internal citations omitted).  Thus, the court in *Edwards* read the agreement to **not** encompass a waiver of indemnity rights and held that the agreement therefore did not violate the Labor Code. *Id*.  Other cases have followed this same approach.  *See, e.g., Pearson Dental Supplies, Inc. v. Superior Court,* 48 Cal. 4th 665, 682 (2010) (interpreting an arbitration agreement, which stated that the parties intended "to avoid the inconvenience, cost, and risk that accompany formal administrative or judicial proceedings," as applying only to extent it could "lawfully" preclude administrative claims); *Stonebrae, L.P. v. Toll Bros., Inc.,* No. C-08-0221 EMC, 2009 WL

248101, at *5 (N.D. Cal. 2009) (following *Edwards* and holding that "the Court must interpret the Agreement so as to make the Agreement lawful").

As set forth below, Hamilton's PAGA claims fail to state a claim under *Edwards* and its progeny because the underlying Agreements cannot be interpreted in the manner she alleges.

> **1.    The Agreements Do Not Violate §§ 1102.5, 96(k), 98.6, 232, 1197.5(k), Or 232.5.**

Hamilton's conclusory allegations that the Agreements violate various provisions of the Labor Code fail to state a claim for at least three independent reasons.  Adopting any one of the following reasons would justify dismissing all PAGA claims predicated on Labor Code violations with prejudice.

*First*, Hamilton fails to cite to any language in any of the Agreements that actually violates the Labor Code provisions on which she relies, and the Court cannot permit Hamilton to "insert what has been omitted" (*Edwards*, 44 Cal. 4th at 954).  Complaint, ¶¶ 26-39, 53-54, 59-60, 64-65, 69-70, Ex. A (PIIAA); Moore Dec., ¶¶ Ex. A (Termination Certification) and Ex. B (Separation Agreement), ¶¶ 2, 7(a), 7(e).[1]  The purpose of the Agreements (in part) is to protect JLI's confidential business information, not to preclude employees from exercising protected rights.  Complaint, Ex. A (PIIAA, at ¶ 4.1); Moore Dec., ¶¶ 2-3, Exs. A and B, ¶¶ 6, 7(a).  None of the Agreements forbid reporting actual or potential violations of law or making disclosures to government agencies (as permitted by § 1102.5).  *Id.*  Hamilton also fails to (and cannot) point to any language in the Agreements that threatens an employee with discharge for engaging in protected speech during non-working hours (to the extent protected under §§ 96(k) and 98.6).  *Id.*  Nor can she point to anything that specifically precludes the discussion of wages or working conditions (as permitted under §§ 232, 232.5, and 1197.5).  *Id.*  Under *Edwards*, these omissions alone defeat her Labor Code-reliant PAGA claims.

---

[1]  Because Hamilton quotes from and relies upon the Separation Agreement in her Complaint, the Court can consider it on a motion to dismiss under the "incorporation by reference" doctrine. *Trudeau v. Google LLC,* 349 F.Supp.3d 869, 875 (N.D. Cal. 2018); *see also* RJN filed herewith.

This case is even stronger than *Edwards* because the Separation Agreement contains express carve outs specifically **authorizing** activities that Hamilton contends JLI precludes.  This includes carve outs for engaging in Protected Activity (Moore Dec., Ex. B, ¶ 4(d)),[2] whistleblowing (*Id.,* ¶ 6),[3] and exercising protected rights, including under the National Labor Relations Act (such as the right to discuss wages and working conditions). (*Id.*, ¶ 7(g)).[4]  Further, the Separation Agreement and the PIIAA also provide that they "shall be interpreted and construed in accordance with the laws of the State of California applicable to contracts made and performed therein . . . ," confirming that they should be interpreted as lawfully incorporating an employee's protected rights.  Moore Dec., Ex. B, ¶ 15; *see also* Complaint, ¶ 45, Ex. A (PIIAA, ¶ 15) ("[t]his Agreement shall be governed by and construed in accordance with the internal substantive laws, but not the choice of law rules, of the state of California.").  By plainly stating that these Agreements are governed by California substantive law, JLI intended to incorporate (not violate) the Labor Code provisions at issue.  Accordingly, the Court should read the

---

[2] Paragraph 4(d) states: "EMPLOYEE understands that nothing in this Agreement prohibits EMPLOYEE from engaging in 'Protected Activity,' which, for purposes of this Agreement, means filing a charge or complaint or otherwise disclosing relevant information to or communicating, cooperating, or participating with, any state, federal, or other governmental agency, including the Securities and Exchange Commission, the Equal Employment Opportunity Commission, and the National Labor Relations Board, but does not include the disclosure of any EMPLOYER's attorney-client privileged communications. EMPLOYEE understands that he/she is not required to obtain prior authorization from EMPLOYER or inform EMPLOYER prior to engaging in any Protected Activity."

[3] Paragraph 6 states: "Nothing in this Agreement prohibits or restricts EMPLOYEE (or EMPLOYEE's attorney) from initiating communications directly with, responding to an inquiry from, or providing testimony before the Securities and Exchange Commission ('SEC'), any other self-regulatory organization or any other federal or state regulatory authority regarding this Agreement or its underlying facts or circumstances or a possible securities law violation."

[4] Paragraph 7(g) states: "EMPLOYEE understands that nothing in this Paragraph restricts or impedes EMPLOYEE from (i) exercising protected rights, including rights under the National Labor Relations Act ('NLRA') or the federal securities laws, to the extent that such rights cannot be waived by agreement; (ii) making statements in connection with filing a charge or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board or other comparable federal, state or local agency; or (iii) complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order."

1    Agreements to incorporate all of California's substantive laws, including all of the Labor Code

2    provisions on which Hamilton relies.  This should be the end of the matter, yet there are still more

3    reasons to dismiss Hamilton's PAGA claims.

4         *Second*, the Court must interpret the confidentiality language in the Agreements in a

5    manner that renders them lawful.  *See Edwards*, 44 Cal. 4th at 955.  The Agreements prohibit

6    Hamilton from disclosing only "Confidential Information **of the Company**" to "any **person, firm**

7    **or corporation**" without authorization.  Complaint, Ex. A (PIIAA, ¶ 4.1) (emphasis added); *see*

8    *also* Complaint, ¶¶ 33-35; Moore Dec., Ex A (Termination Certification) (employees must

9    "preserve as confidential all trade secrets, confidential knowledge, data or other proprietary

10   information relating to products, processes, know-how, designs, formulas, developmental or

11   experimental work, computer programs, data bases, other original works of authorship, customer

12   lists, business plans, financial information or other subject matter pertaining to **any business of**

13   **the Company** or any of its employees, clients, consultants or licensees") (emphasis added);

14   Complaint, ¶ 39; Moore Dec., Ex. B, ¶¶ 4(d), 6, 7(a), (g) (Separation Agreement) (employee

15   agrees not to "disclose the terms, conditions or existence of this Agreement" and is expressly

16   authorized to engage in various protected activities).

17        No case holds that similar confidentiality language violates the Labor Code provisions at

18   issue.  That is unsurprising as California law confirms that companies have a statutory right to

19   protect proprietary and trade secret information.  Cal. Lab. Code § 232.5(d) (confirming that the

20   protection in the Labor Code for disclosing "working conditions" is "not intended to permit an

21   employee to disclose proprietary information, trade secret information, or information that is

22   otherwise subject to a legal privilege without the consent of his or her employer").  And, as

23   stated, there is no express provision forbidding employees from making disclosures to

24   government agencies or reporting actual or potential violations of law, discussing wages and

25   other conditions of employment, or engaging in protected free speech, and the Separation

26   Agreement contains provisions expressly **authorizing** such activities.  Moore Dec., Ex. B, ¶¶

27   4(d), 6, 7(a), (g).  Thus, the Court should interpret the Agreements as **lawfully** requiring

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

12

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

employees to protect JLI's trade secrets and confidential and proprietary business information, not as attempting to prevent employees from engaging in protected activity.

*Third*, even though the PIIAA and Termination Certification do not include express carve outs for engaging in protected activity, that does not render the Agreements unlawful because the Court must presume that they "expressly include[] the substance of [an employee's unwaivable rights under the Labor Code]." *Edwards,* 44 Cal. 4th at 954-55. Just as there was no language barring a claim under Section 2802 in the release agreement in *Edwards*, there is no language prohibiting an employee from engaging in any protected activity in the Agreements. Thus, there is no need for a carve-out. *Id.* at 955 (rejecting the employee's argument that the release should include the phrase "except as otherwise prohibited by law" because "[w]e fail to see what difference this would make" as "most practitioners already operate with the understanding that such releases do not encompass items 'otherwise prohibited by law.'").

In sum, Hamilton fails to (and cannot) allege facts sufficient to establish that the Agreements prevent her from exercising any rights protected under the Labor Code.

### 2. Hamilton Fails To Allege Facts Sufficient To Establish That JLI's "Policies and Practices" Violate § 1102.5, 96(k), 98.6, 232, 1197.5(k), Or 232.5.

Hamilton's allegation that JLI "maintains policies and practices that unlawfully prohibit employees" from engaging in various activities that she contends is protected fares no better. Complaint, ¶ 44. Hamilton fails to identify these policies or to specify any terms of these policies that actually prevent whistleblowing, exercising protected free speech rights or discussing wages or working conditions. Hamilton's conclusory allegations thus fail to satisfy the pleading requirements under Rule 8 and *Iqbal. See Iqbal,* 556 U.S. at 678; *see also Sobayo v. Chase Home Fin., LLC*, No. C 09-00615 JW, 2009 WL 1330834, at *2-3 (N.D. Cal. May 13, 2009) (plaintiff's conclusory assertion that the parties entered into "various oral and written contracts" that were breached was insufficient to survive a motion to dismiss). Because Hamilton fails to (and cannot) state a claim for violation of §§ 1102.5, 96(k) and 98.6, 232 and 1197.5, or 232.5, the First through Fourth Causes of Action and the portion of her Fifth Cause of Action that relies on these Labor Code provisions should be dismissed with prejudice.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

13

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1

**B.      Hamilton's Second PAGA Cause Of Action Also Fails To State A Claim For Violation Of Labor Code §§ 96(k) And 98.6 Because Neither Provision Protects The Speech Of Private Employees.**

2

3      The Second Cause of Action fails for the independent reason that Hamilton cannot

4    predicate a PAGA claim on an alleged violation of §§ 96(k) and 98.6 because private employees

5    do not have federal or state constitutionally protected free speech rights that can be violated by

6    private employers.  Hamilton alleges that JLI's "confidentiality requirements" "threaten[]

7    employees with discharge if they engage in lawful conduct during non-working hours away from

8    [JLI's] premises, including speech of which JLI does not approve" and "the exercise of free

9    speech rights, as protected by the California and United States Constitutions."  Complaint, ¶¶ 59-

10    60.  It is well-settled, however, that "the First Amendment free speech provision expresses a

11    guarantee only against action taken by the government," and, for that reason, California courts

12    have rejected similar attempts to use these provisions of the Labor Code to assert rights on behalf

13    of private employees.  *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72, 81 (2004).

14      *Grinzi* illustrates why Hamilton's claim fails.  There, a private employee appealed the

15    dismissal of her lawsuit against her former employer, who she alleged wrongfully terminated her

16    from private employment in "violation of established public policy supported by the First

17    Amendment of the United States Constitution and Labor Code sections 96, subdivision (k), and

18    98.6."  *Id.* at 77.  The Court affirmed the dismissal because the First Amendment free speech

19    provision "fails to establish public policy against terminations by private employers for speech-

20    related activities," and "section 96, subdivision (k), provides only procedure under which the

21    Labor Commissioner shall exercise jurisdiction rather than independent public policy creating a

22    private right of action," and the "Legislature did not intend section 98.6 to establish public policy

23    against terminations for conduct not protected under the Labor Code."  *Id.* at 77.  "To find

24    otherwise would unreasonably require private employers to realize they must comply with

25    requirements from which they are exempt or suffer the possibility of tort liability."  *Id.* at 81-82;

26    *see also Sepulveda v. Olympus Am., Inc.,* No. C 05-04067 JW, 2007 WL 9811200, at *6-7 (N.D.

27    Cal. Jan. 10, 2007) (dismissing claim for termination in violation of public policy based on

28    alleged constitutional free speech rights with prejudice because "the California Constitution, like

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

14

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    the United States Constitution, does not establish a public policy prohibiting the private sector

2    termination of an at-will employee for his speech-related activities.").  Accordingly, Hamilton

3    cannot state a PAGA claim based on alleged confidentiality provisions she claims interfere with

4    constitutionally-protected speech rights that do not pertain to private employers, and the Court

5    should dismiss the Second Cause of Action with prejudice.

6    **C.     Hamilton's Fifth PAGA Cause Of Action Also Fails To State A Claim For Violation of Labor Code § 432.5 Because She Cannot Plead a Violation Of The Underlying Laws On Which She Relies, Let Alone That JLI Required Her To Agree To A Condition It Knew Was Prohibited By Law.**

7

8

9            The Fifth Cause Action fails for the independent reason that Hamilton cannot state a claim

10    for violation of Labor Code § 432.5.  By its terms, this section prohibits an employer from

11    "requir[ing] any employee to agree, in writing, to any term or condition which is known by such

12    employer . . . to be prohibited by law." Cal. Lab. Code § 432.5.  Hamilton alleges that JLI

13    "through its confidentiality requirements, require[s] employees to agree in writing to terms and

14    conditions which [it] knows are prohibited by [various] laws."  Complaint, ¶¶ 45, 74-75.  This

15    claim fails because Hamilton does not and cannot allege facts establishing that the Agreements or

16    JLI's "policies and practices" violate the laws she relies on or that JLI required her to agree to

17    conditions it knew were prohibited by law.

18            **1.     Hamilton Fails To Allege Facts Sufficient To Establish A PAGA Claim Predicated On A Violation Of Business & Professions Code § 17200.**

19

20            Hamilton makes the conclusory claim that JLI's "confidentiality requirements" violate the

21    UCL, which "makes certain business practices unlawful."  Complaint, ¶¶ 74(a), 75.  The unlawful

22    prong of the UCL "borrows violations from other laws by making them independently actionable

23    as unfair competitive practices."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134,

24    1143 (2003).  As set forth above and below, neither the Agreements nor any of JLI's "policies

25    and practices" violates the Labor Code or any other statute on which Hamilton relies.

26    Accordingly, she cannot state a PAGA claim under § 432.5 based on an alleged violation of the

27    unlawful prong of the UCL.

28

1

2

### 2. Hamilton Fails To Allege Facts Sufficient To Establish A PAGA Claim Predicated On A Violation Of Business & Professions Code § 16600 Or The Cartwright Act.

3   Hamilton does not and cannot allege facts sufficient to establish that any of JLI's policies

4   constitute an unlawful "contract in restraint of trade" in violation of Business & Professions Code

5   § 16600 or the Cartwright Act.  Complaint, ¶¶ 74(b), 75.  As an initial matter, this claim fails

6   under *Twombly* because it is not clear why Hamilton claims the Agreements and JLI's "policies

7   and practices" constitute an unlawful restraint of trade.  Indeed, the only mention of an "unlawful

8   restrictive covenant" appears in the Complaint at paragraph 32, where she complains that the

9   "NDA unlawfully prohibits whistleblowing, competition, and speech.  It is, among other things,

10   an unlawful restrictive covenant that has as one well-established purpose the suppression of

11   wages."  For the reasons stated in Section IV(A)(1), the Court cannot read the Agreements as

12   prohibiting these activities.

13   To the extent that Hamilton challenges the employee non-solicitation aspect of the

14   PIIAA—which restricts former employees from soliciting current employees to leave JLI for a

15   period of twelve months (Complaint, ¶ 30, Ex. A (PIIAA, ¶ 10))—Hamilton still cannot state a

16   claim.  Such a provision is, at most, "void," not unlawful and, therefore, cannot violate § 432.5

17   (which prohibits only the inclusion of terms known by the employer to be **unlawful**).  *See Beebe*

18   *v. Mobility, Inc.,* No. 07CV1766 BTM (NLS), 2008 WL 474391, at *1-3 (S.D. Cal. Feb. 20,

19   2008) (granting motion to dismiss PAGA claim based on an alleged violation of § 432.5

20   predicated on § 16600 because "Plaintiff is not entitled to relief under Labor Code § 432.5 which

21   proscribes only agreements that are 'prohibited by law' rather than those that are void.").

22   Further, even if § 16600 could be the predicate to a § 432.5 claim, Hamilton does not and

23   cannot allege that JLI *knew* that the law prohibited the non-solicitation agreement.  Section 432.5

24   applies only to terms and conditions "known" by the employer to be prohibited by law.  Cal. Lab.

25   Code § 432.5.  Here, Hamilton signed the PIIAA on March 20, 2018, and the Termination

26   Certification on March 15, 2019.  Complaint, Ex. A (PIIAA); Moore Dec., ¶ 2, Ex. A.  As of

27   those dates (and even through today), there remains valid California case law holding that an

28   employee non-solicitation provision does **not** violate § 16600.  *See Loral Corp. v. Moyes*, 174

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

16

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1   Cal. App. 3d 268, 279-80 (1985) (holding that employee raiding provision did not violate §

2   16600); *see also Solutionz Videoconferencing, Inc. v. Davidson*, No. SACV 19-01132 AG

3   (DFMx), 2019 WL 6872904, at *2 (C.D. Cal. Aug. 22, 2019) (rejecting defendant's argument that

4   employee non-solicitation clause was unenforceable under § 16600, finding that "the present law

5   in California is not as clear as Defendant claims.") (citing *Loral*).  Given this continued reliance

6   on *Loral,* Hamilton cannot establish that JLI **knew** that § 16600 prohibits the employee non-

7   solicitation provision.

8          Hamilton also fails to allege facts sufficient to establish a violation of the Cartwright Act,

9   which "makes unlawful a 'trust,' defined as a combination of capital, skill, or acts by two or more

10  persons or businesses to restrict trade, limit production, increase or fix prices, or prevent

11  competition." *Greencycle Paint, Inc. v. Paintcare, Inc.,* 250 F. Supp. 3d 438, 446 (N.D. Cal.

12  2017).  The Agreements are not a "trust" within the meaning of the Cartwright Act as they are not

13  an agreement between "separate entities pursuing separate economic interests" conspiring to

14  restrain competition, fix prices, or restrict trade.  *Asahi Kasei Pharma Corp. v. CoTherix, Inc.,*

15  204 Cal. App. 4th 1, 8 (2012); *see also Morrison v. Viacom, Inc.,* 52 Cal. App. 4th 1514, 1524

16  (1997) (the purpose of the Cartwright Act "is to protect and foster competition by preventing

17  combinations and conspiracies which unreasonably restrain trade.")  Accordingly, Hamilton

18  cannot state a PAGA claim under § 432.5 based on an alleged violation of the Cartwright Act.

19          **3.    Hamilton Fails To Allege Facts Sufficient To Establish A PAGA Claim
               Based on a Violation Of Government Code § 12964.5.**
20

21          Nor can Hamilton allege facts to plead a violation of California Government Code §

22  12964.5 that can serve as the predicate for her PAGA claim based on Labor Code § 432.5.

23  Section 12964.5 states that it is an "unlawful employment practice" for an employer to "require

24  an employee" to release claims under the California Fair Employment and Housing Act or sign a

25  nondisparagement agreement "that purports to deny the employee the right to disclose

26  information about unlawful acts in the workplace" in "exchange for a raise or bonus or as a

27  condition of employment or continued employment."  Cal. Gov't Code § 12964.5(a)(1)-(2);

28  Complaint, ¶¶ 74(a), 75.  However, that provision "does not apply to a negotiated settlement

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

17

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    agreement to resolve an underlying claim under this part that has been filed by an employee . . .

2    through an employer's internal complaint process."  Cal. Gov't Code § 12964.5(c).  Hamilton

3    cannot base a claim on this provision for two independent reasons.

4         *First*, Hamilton bases this claim on the PIIAA and the Separation Agreement, but neither

5    Agreement violates § 12964.5.  She first contends that the PIIAA and Separation Agreement

6    contain a "non-disparagement provision" (Complaint, ¶¶ 27, 38), however, neither purports to

7    deny her right to "disclose unlawful acts in the workplace."  The portion of the PIIAA on which

8    Hamilton relies is simply a portion of the definition of "Confidential Information" and does not

9    prevent employees from disclosing information about unlawful acts in the workplace for the

10   reasons discussed in Section IV(A)(1).  Complaint, Ex. A (PIIAA, ¶ 4.1).  Her reliance on the

11   Separation Agreement is even more disingenuous as it includes express carve-outs for protected

12   activity and, therefore, cannot be interpreted as denying Hamilton the right to disclose

13   information about unlawful acts in the workplace under § 12964.5.  Moore Dec. Ex. B, ¶¶ 4(d), 6,

14   7(e), (g); *see supra* Section IV(A)(1).

15        *Second*, the Separation Agreement does not violate Government Code § 12964.5 simply

16   by virtue of the fact that it is a **severance agreement**.  Section 12964.5 does not apply to "the use

17   of waivers and releases in the context of settlements or *severance agreements*."  Johnsrud Dec.,

18   Ex. A (Senate Judiciary Committee, April 17, 2018, at p. 22) (emphasis in original).  As the

19   Senate Judiciary Committee Analysis makes clear, this provision "addresses the *preemptive* use

20   of waivers, in exchange for a raise or a bonus, or as a condition of hire or continued employment.

21   . . . [because] [w]hen employers require employees to waive claims preemptively, it provides a

22   mechanism for regularly wiping out claims that might otherwise lead to accountability and

23   reform. . . ."  *Id.* (emphasis in original).  Here, the Separation Agreement does not operate as a

24   prohibited preemptive waiver.  Instead, Hamilton acknowledges that she was offered the

25   Separation Agreement when JLI notified her "of its intent to terminate her employment."

26   Complaint, ¶ 36.  Among other benefits, she was offered a brief paid leave (from March 15, 2019

27   through April 2, 2019) and not continued employment to allow her first tranche of equity to vest

28   and a "special bonus."  *Id.;* Moore Dec., Ex. B, ¶ 2.  Hamilton was not being asked to waive

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

18

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1   anything prospectively because her employment was being terminated and she would be

2   "relinquish[ing] her operating responsibilities as of March 15, 2019."  Moore Dec., Ex. B, ¶ 1.

3         The exception to Section 12964.5 set out in subsection (c) confirms this reading.  As

4   noted, that provision makes clear that subsection (a) does not apply to negotiated settlement

5   agreements like this one.  Cal. Gov't Code § 12964.5(c)(1)-(2) (defining "negotiated" to "mean[]

6   that the agreement is voluntary, deliberate, and informed, provides consideration of value to the

7   employee, and that the employee is given notice and an opportunity to retain an attorney or is

8   represented by an attorney").  Here, the Separation Agreement was intended to "settle fully and

9   finally all differences or potential differences between [Hamilton and JLI] . . . arising out of or

10  relating to [Hamilton's] employment or separation from employment with [JLI]."  Moore Dec.,

11  Ex. B, at p. 1.  The Agreement expressly states that it is voluntary, that Hamilton is being offered

12  valuable consideration, and that she has the right to consult with counsel.  Moore Dec., Ex. B, ¶

13  8(b) and p. 10.  Thus, it falls within the exception to § 12964.5(c) and does not violate § 432.5.

14        **4.**    **Hamilton Fails To Allege Facts Sufficient To Establish A Violation Of Rule 21F-17 Of The SEC.**

15

16        Hamilton alleges that JLI's confidentiality requirements violate Rule 21F-17 of the

17  Securities and Exchange Commission which states that "no person may take any action to impede

18  an individual from communicating directly with the [SEC] about a possible securities law

19  violations, including enforcing, or threatening to enforce, a confidentiality agreement."  Complaint,

20  ¶¶ 74(d), 75.  For the reasons discussed in Section IV(A)(1), there is nothing in the Agreements

21  that prohibits employees from communicating with the SEC about a possible securities violation.

22  Complaint, ¶¶ 25-40, 43, Exhibit A (PIIAA); Moore Dec., Exs. A-B.  To the contrary, the proposed

23  Separation Agreement expressly **authorizes** such disclosures.  Moore Dec., Ex. B, ¶¶ 4(d), 6, 7(g).

24        **5.**    **Hamilton Fails To Allege Facts Sufficient To Establish A Violation Of The Defend Trade Secrets Act.**

25

26        Hamilton alleges that the PIIAA is unlawful because it "does not contain a notice of

27  immunity concerning the disclosure of trade secrets for the purpose of whistleblowing, as

28  required by the Defend Trade Secrets Act" and, instead, states: "Employee agrees that <u>Employee</u>

bears the burden of proving that given information or materials are <u>not</u> confidential."  Complaint,

¶¶ 28 (emphasis in original), 74(e), 75.  The failure to include this notice does not, however,

render an agreement unlawful.  Rather, the only consequence is that "the employer may not be

awarded exemplary damages or attorney fees . . . in an action against an employee to whom

notice was not provided."  18 U.S.C. §1833(b)(3)(A)-(B); *see also Xoran Holdings LLC v. Luick*,

No. 16-13703, 2017 WL 4039178 (E.D. Mich. Sept. 13, 2017) (employer could not recover

attorneys' fees or exemplary damages where it did not provide notice of whistleblower immunity

in Employment Agreement, but no other penalties were imposed for failing to do so).  Thus,

Hamilton's allegations fail to establish that the PIIAA (or the corresponding Termination

Certification) violates the DTSA.

Moreover, any reliance on the Separation Agreement would fail right out of the gate

because it specifically **includes** the notice of immunity:

> EMPLOYEE understands that, pursuant to 18 U.S.C § 1833(b)(l), he/she cannot
> be held criminally or civilly liable under any federal or state trade secret law for
> the disclosure of a trade secret that (a) EMPLOYEE makes (i) in confidence to a
> federal, state, or local government official, either directly or indirectly, or to an
> attorney and (ii) solely for the purpose of reporting or investigating a suspected
> violation of law; or (b) EMPLOYEE makes in a complaint or other document filed
> in a lawsuit or other proceeding, if such filing is made under seal.  . . .

Moore Dec., Ex. B, ¶ 6.  Therefore, Hamilton fails to (and cannot) state a claim that the

Separation Agreement violates the DTSA.

### 6. Hamilton Fails To Allege Facts Sufficient To Establish A Violation Of Laws Prohibiting Employers From Preventing Employees From Disclosing Potentially Illegal Conduct.

Hamilton also alleges generally that JLI's confidentiality requirements violate "[t]he law

and public policy prohibit[ing] employers from requiring employees to sign NDAs or abide by

confidentiality requirements that prohibit them from disclosing potentially illegal conduct in

furtherance of a federal securities action, a federal False claims Act violation, or otherwise, to an

attorney investigating such unlawful conduct."  Complaint, ¶¶ 74(f), 75.  As set forth in Section

IV(A), nothing in the Agreements prevents employees from disclosing potentially illegal conduct,

the Separation Agreement expressly **authorizes** such disclosures, and any allegation that

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

20

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

unspecified "policies and practices" of JLI prevent such disclosures fails to satisfy *Iqbal*.

Complaint, ¶¶ 25-44, Ex. A; Moore Dec., Exs. A, B, ¶¶ 4(d), 6, 7(g); *Iqbal,* 556 U.S. at 678.

### 7.   Hamilton Fails To Allege Facts Sufficient To Establish A Violation Of Labor Code §§ 96(k), 98.6, 232, 232.5, 1102.5, And 1197.5(k).

Finally, Hamilton alleges that JLI's confidentiality requirements "silence" employees in violation of Labor Code §§ 96(k), 98.6, 232, 232.5, 1102.5, and 1197.5(k).  Complaint, ¶¶ 74(f), 75.  As set forth in Section IV(A), the Agreements do not violate these Labor Code provisions, and any allegation that unspecified "policies and practices" of JLI violate such provisions fails to satisfy *Iqbal*.  Complaint, ¶¶ 25-44, Ex. A (PIIAA); Moore Dec., Exs. A, B, ¶¶ 4(d), 6, 7(g); *Iqbal,* 556 U.S. at 678.

### D.   Hamilton's Derivative Sixth Cause Of Action For Unfair Competition Fails To State A Claim.

Hamilton alleges that JLI "engages in unfair competition through its use of NDAs and other confidentiality requirements," that she remains subject to the PIIAA, and that she "has been harmed by its confidentiality requirements." Complaint, ¶¶ 79-83.  This unfair competition claim is derivative of Hamilton's PAGA claims and fails for the same reasons discussed above. *See, e.g., Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (observing that the UCL "does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition") (*quoting Cel-Tech Comm., Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163 (1999)).

### E.   Alternatively, The Court Should Dismiss Or Strike Hamilton's Demands For A Jury Trial, Injunctive Relief, And Interest On PAGA Penalties And Strike Immaterial Allegations.

Because all of Hamilton's claims fail for the reasons above, the Court should dismiss this action with prejudice.  However, the Court could alternatively dismiss or strike various demands and strike immaterial allegations for the reasons set forth below.

### 1.   Hamilton Has No Right to a Jury Trial.

Hamilton's demand for a jury trial should be stricken or dismissed from the Complaint as she has no right to a jury trial for either her PAGA or UCL claims.  Complaint, p. 16.  *See, e.g.,*

1   *Stout v. Hartford Life and Acc. Ins. Co.*, No. C 11-6186 CW, 2012 WL 762024, at *1 (N.D. Cal.

2   Mar. 8, 2012) (striking plaintiff's jury demand under FRCP 12(f) because there is no right to a

3   jury trial in cases brought under ERISA).  The Seventh Amendment of the U.S. Constitution

4   limits the right to a jury trial to suits in common law (U.S. Const., Amend. VII) and numerous

5   cases hold that  PAGA and UCL lawsuits are not "suit[s] at common law."  *See O'Connor v.*

6   *Uber Techs. Inc.*, No. 13-cv-03826-EMC, 2015 WL 8587589, at *2-3 (N.D. Cal. Dec. 10, 2015)

7   (explaining that "California courts have found that there is no entitlement to a jury trial on UCL

8   claims because such claims are a separate equitable cause of action" and "the PAGA claim does

9   not appear to be a damages claim with any right to a jury.  Instead, the statute is focused on the

10  civil penalties that may be awarded by a court."); *Thomas v. CVS Health Corp.*, No. 2:19-CV-

11  04283-R-FFM, 2019 WL 3526344, at *3 (C.D. Cal. Aug. 1, 2019) ("[Plaintiff] has a right to a

12  jury trial on her individual claims, which is not true of the PAGA claims."); *Hodge v. Super. Ct.*,

13  145 Cal. App. 4th 278, 284 (2006) (holding that there was no right to a jury trial in a UCL action

14  where the claim was based on underlying Labor Code violations because all remedies were

15  equitable in nature); *Acad. of Motion Picture Arts & Sci. v. GoDaddy, Inc.*, No. CV 10-3738-AB

16  (CWX), 2015 WL 12697732, at *2 (C.D. Cal. Apr. 10, 2015) ("Under established California and

17  federal authorities, there is no right to a jury trial for UCL claims because they are equitable in

18  nature").  Because Hamilton has no federal right to a jury trial, her demand for a jury trial should

19  be stricken as immaterial under FRCP Rule 12(f) or dismissed.[5]

20          **2.      Hamilton Has No Right To Injunctive Relief.**

21          Hamilton seeks a "preliminary and permanent public injunction redressing [JLI]'s

22  ongoing violations of the law."  Complaint, p. 15, Prayer, ¶ 1.  However, she cannot obtain

23  injunctive relief under either the PAGA or the UCL.

24          By its terms, PAGA does **not** provide for restitution or injunctive relief.  Cal. Labor Code

25  § 2699(g)(1); *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 579 (2010) ("The PAGA is

26  _____

27  [5] Alternatively, the Court may construe the motion as a Rule 39(a)(2) motion.  *Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*, No. 13-CV-05898-JST, 2014 WL 2191378, at *9 n.5 (N.D. Cal. May 23, 2014) (noting that Rule 12(f) motion to strike jury demand "may also be construed

28  as a Rule 39(a)(2) motion for a finding that Plaintiffs lack a federal jury right.").

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

22

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1   limited to the recovery of civil penalties."). Indeed, "injunctive relief is not authorized under

2   PAGA" and "civil penalties are the only relief available under PAGA." *Madison v U.S. Bancorp*,

3   No. C-14-4934-EMC, 2015 WL 355984, at *4, *6 (N.D. Cal. Jan. 27, 2015). For that reason,

4   Hamilton is not entitled to injunctive relief on her PAGA claims and the Court should strike or

5   dismiss her request for injunctive relief. *See, e.g., HYP3R Inc. v. Mogimo Inc.,* No. 17-cv-02977-

6   JSW, 2017 WL 11515712, at *3 (N.D. Cal. Nov. 8, 2017) ("[C]ourts in this District have

7   routinely dismissed legally deficient requests for relief.")

8           Hamilton also lacks statutory or constitutional standing to bring a claim for injunctive

9   relief under the UCL. Under Article III, "standing requires an injury that is actual or imminent,

10  **not conjectural or hypothetical**. In the context of injunctive relief, the plaintiff must

11  demonstrate a **real or immediate threat** of an irreparable injury [in the future]." *Cole v. Oroville*

12  *Union High Sch.*, 228 F.3d 1092, 1100 (9th Cir. 2000) (internal quotations and citations omitted)

13  (emphasis added). Here, Hamilton cannot make this showing because, as a **former** employee,

14  she cannot allege any "real and immediate threat of repeated injury." Complaint, ¶¶ 23-24, 32,

15  35, 42-44, 48, 81-83. Courts routinely dismiss injunctive relief claims brought under the UCL by

16  former employees for lack of standing. *See, e.g., Miranda v. Coach, Inc.*, No. 14-cv-02031-JD,

17  2015 WL 636373, at * 3 (N.D. Cal. Feb. 13, 2015) (holding that the plaintiffs, who were all

18  former employees, were not entitled to injunctive relief under § 17200 based on the employer's

19  alleged wage and hour violations because they could not show any real and immediate threat of

20  future injury); *see also Khan v. K2 Pure Solutions, LP*, No. 12-CV-05526-WHO, 2013 WL

21  6235572, at *2-3 (N.D. Cal. Dec. 2, 2013) (holding that plaintiffs, who were former employees,

22  did not have Article III standing to seek injunctive relief regarding restrictive covenants as there

23  was no real or immediate threat of repeated injury). This Court should follow suit.

24          Nor can Hamilton escape her lack of standing by pointing to conjectural and hypothetical

25  allegations of future harm based on alleged covenants that "restrain [her] employment opportunities

26  and suppress her worth in the labor market," and confidentiality provisions that allegedly prohibit

27  her from "communicating [] information" to government officials and others. Complaint, ¶¶ 42-

28  44, Ex. A (PIIAA, ¶¶ 4.1, 10). As discussed in Section IV(A)(1), there is nothing in the express

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

23

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1    terms of the Agreements that prohibits Hamilton from seeking new work, whistleblowing, reporting

2    information about her working conditions to government entities, or entering into competition with

3    JLI.  Complaint, Ex. A (PIIAA); Moore Dec., Ex. A.

4          Moreover, Hamilton does **not** allege that JLI has attempted to enforce the confidentiality

5    requirements to attempt to prevent her from engaging in protected activity or competition, or that

6    she has actually lost a job opportunity because of any of JLI's policies or Agreements.  Hamilton

7    thus fails to "show a sufficient likelihood – not a speculative possibility – that [s]he will

8    personally be harmed."  *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1139-40 (N.D. Cal.

9    2017) (granting motion to dismiss where plaintiff failed to show a likelihood of future harm based

10   on alleged inadequate disclosures and improper procurement of a consumer report leading to

11   plaintiff's termination).  For all these reasons, the Court should strike or dismiss her claim for

12   injunctive relief.

13                 **3.       Hamilton Has No Right To Interest On PAGA Penalties.**

14         Hamilton is also not entitled to seek "interest on [PAGA] penalties."  Complaint, p. 16,

15   Prayer For Relief, ¶ 3.  PAGA does not provide for interest and, under Civil Code § 3287, interest

16   is only available on "**damages** certain, or capable of being made certain by calculation . . ."  Cal.

17   Civ. Code § 3287(a) (emphasis added); Cal. Lab. Code § 2698, *et seq*.  A PAGA claim is **not** a

18   claim for damages.  *ZB, N.A. v. Super. Ct.*, 8 Cal. 5th 175, 195-96 (2019); *Ochoa-Hernandez v.*

19   *Cjaders Foods, Inc.*, No. C 08-2073 MHP, 2010 WL 1340777, at *4 (N.D. Cal. Apr. 2, 2010)

20   (PAGA "civil penalties are not meant to compensate unnamed employees because the action is

21   fundamentally a law enforcement action").  Accordingly, Hamilton cannot seek interest on her

22   proposed PAGA penalties.  *Moua v. Int'l Bus. Machs. Corp.*, No. 5:10-cv-01070-EJD, 2019 WL

23   1318376, at *6-7 (N.D. Cal. Mar. 22, 2019) (granting defendants' motion for partial summary

24   judgment as to prejudgment interest on the plaintiff's PAGA penalty claims); *Drumm v.*

25   *Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1021-22 (N.D. Cal. 2010) (declining to award

26   prejudgment interest on Labor Code § 203 waiting-time penalties).  Thus, the Court should strike

27   or dismiss Hamilton's request for interest in her Prayer for Relief.  *See Susilo v. Wells Fargo*

28   *Bank, N.A.*, 796 F. Supp. 2d 1177, 1196 (C.D. Cal. 2011) (A "Court may [] strike under

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

24

DEF. MOTION TO DISMISS & MOTION TO
STRIKE; MPA (CASE NO. 3:20-CV-3710-EMC)

1   Fed.R.Civ.P. 12(f) a prayer for relief which is not available as a matter of law."); *see also HYP3R*

2   *Inc.*, 2017 WL 11515712, at *3 ("legally deficient requests for relief" can be dismissed under

3   Rule 12(b)(6)).

### 4. The Court Should Strike Paragraphs 1, 2, And 22 As Immaterial and Impertinent.

6        Finally, the Court can and should strike several unduly prejudicial paragraphs because

7   they are immaterial and impertinent and lack any logical connection to the controversy at issue.

8   *See, e.g., NetApp, Inc. v. Nimble Storage, Inc.*, No. 5:13-CV-05058-LHK (HRL), 2015 WL

9   400251, at *23-26 (N.D. Cal. Jan. 29, 2015) (granting motion to strike allegations that were

10  "irrelevant" and "would 'unnecessarily complicate[]' trial or 'cause the trier of fact to draw

11  unwarranted inferences.'") (quoting *N.Y. City Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121,

12  1128 (N.D. Cal. 2009)).  Here, Hamilton's Complaint contains several irrelevant and rhetorical

13  paragraphs (1, 2, and 22) about the alleged bad acts of <u>non-parties</u> – not involving JLI – in

14  matters that drew headlines for scandalous whistleblower allegations against the makers of Pall

15  Mall and Lucky Strike (involving Jeffrey Wigand), Theranos, and Harvey Weinstein.  Complaint,

16  ¶¶ 1, 2, 22.  Hamilton does not (and cannot) allege that JLI was involved in any of these matters

17  or that these matters have any bearing on her claims.  These unrelated matters are immaterial and

18  impertinent and attempt to cast JLI in a derogatory light.  Accordingly, the Court should strike

19  these allegations under Rule 12(f).

### V. CONCLUSION

21       This Court should grant JLI's motion and dismiss the Complaint with prejudice.

22  Dated: July 9, 2020                    CURLEY, HURTGEN & JOHNSRUD LLP

24                                         By___/s/  Brian L. Johnsrud_____
25                                            BRIAN L. JOHNSRUD
                                              Attorneys for Defendant
26                                            JUUL LABS, INC.