CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
DEBORAH SCHWARTZ, State Bar No. 208934
dschwartz@bakerlp.com
BAKER CURTIS & SCHWARTZ, P.C.
1 California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 433-1064
Fax:  (415) 366-2525

Attorneys for Plaintiff
MARCIE HAMILTON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCIE HAMILTON,<br><br>                              Plaintiff,<br><br>          vs.<br><br>JUUL LABS, INC.,<br><br>                              Defendant. | Case No. 3:20-CV-3710-EMC<br><br>**PLAINTIFF MARCIE HAMILTON'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE; OBJECTION TO DEFENDANT JUUL LABS, INC.'S REPLY EVIDENCE IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE; DECLARATION OF CHRIS BAKER**<br><br>Date: August 20, 2020<br>Time: 1:30 p.m.<br>Dept: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

        In connection with its reply brief in support of its motion to dismiss and motion to strike, defendant JUUL Labs, Inc., submitted a supplemental request for judicial notice and another declaration, this time from its Vice President, Global Employment Law, Miray Gweon (ECF No. 17-1, 17-2).  Plaintiff objects to these improper documents and testimony under Local Rule 7-3 and it provides the following opposition to JUUL's Request for Judicial Notice.

1    Plaintiff is entitled to oppose Defendants' Request for Judicial Notice to the extent it make

2  new arguments in support of its motion to dismiss.  In addition, Local Rule 7-3(d) provides: "If

3  new evidence has been submitted in the reply, the opposing party may file within 7 days after the

4  reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text,

5  stating its objections to the new evidence, which may not include further argument on the

6  motion."

7    Plaintiff hereby makes the following objections to JUUL's reply evidence, and she sets

8  forth the following brief opposition to JUUL's request for judicial notice.

9    1.    The Court should not consider arguments made for the first time in reply. *E.g.*

10 *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  JUUL improperly relies on new evidence

11 and makes new arguments in its reply.

12   2.    Exhibit A to the Gweon Declaration is **also** not the separation agreement

13 referenced in the Complaint, which was provided to Hamilton in March 2019 in exchange for her

14 continued employment through April 2, 2019. (Complaint ¶ 36).  Exhibit A is a redline that,

15 according to Gweon, was sent on April 3, 2019 – **after** JUUL's proposed separation date of April

16 2, 2019 had already passed.  The Court cannot judicially notice a redlined proposal not referenced

17 in the Complaint.  Regardless, according to the Gweon's declaration, the redline **itself**

18 demonstrates JUUL's clear intent to violate the law. For example, the proposed redline removed

19 and added language in sections 4(d), 6, and 7 to help render the agreement legal and in

20 compliance with Government Code § 12964.5.  Gweon asserts that JUUL rejected these changes.

21 (See Gweon Declaration ¶ 2 ("Mr. Baker's proposed changes were not accepted."))

22   3.    The Court cannot judicially notice Ms. Gweon's testimony.  The Complaint makes

23 no mention of the negotiations concerning the separation agreement, the full context of which

24 would further support Plaintiff's claims.  Adding a third version of a Separation Agreement and

25 Release (1. That to which the Complaint *actually* refers, as described in the Baker Decl. (ECF #

26 15-1); 2. Moore Decl. Ex. B; and 3. Gweon Decl. Ex. A) into the record also adds further

27 questions as to the authenticity of the documents JUUL requests the Court to judicially notice.

28 This confirms that this matter cannot be resolved at the pleading stage.  *Williams v. County of*

- 2 -

*Alameda,* 26 F.Supp.3d 925, 935–936 (N.D. Cal. 2014) ("The Court finds that the evidence submitted by Defendants is more appropriately considered after the parties have had an adequate opportunity to fully develop the factual record.").

4.      Plaintiff is not the one obfuscating the issues.  JUUL has refused to seek judicial notice of its corporate confidentiality policies (though it knows what they are) and it has now provided two different separation agreements to the Court, neither of which is the agreement referenced in the Complaint.  It is not Plaintiff's obligation – at the pleadings stage -- to submit evidence to the Court.  Plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  F.R.C.P 8(a).  She has done so in her Complaint.

## CHRIS BAKER DECLARATION

Furthermore, I, Chris Baker, declare as follows:

1.      I am counsel of record for plaintiff Marcie Hamilton in this case.  I have personal knowledge of the facts in this declaration.

2.      The Complaint in this action does not refer to the document attached to Ms. Gweon's Declaration as Exhibit A.  The Complaint also does not reference the settlement negotiations of which Exhibit A was a part.

3.      Exhibit A to the Gweon Declaration is <u>not</u> the document referenced in the Complaint as the severance agreement, and it is certainly <u>not</u> indisputable that Exhibit A is the severance agreement that was presented to Plaintiff in March 2019.  On its face, Exhibit A is, in fact, <u>not</u> the agreement JUUL offered to Plaintiff in exchange for her continued employment through April 2, 2019.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 31st day of July, 2020, in San Francisco, California.

BAKER CURTIS & SCHWARTZ, P.C.

By:_____/s/ Chris Baker_____
         Chris Baker
         Attorneys for Plaintiff
         MARCIE HAMILTON