BRIAN L. JOHNSRUD, State Bar No. 184474
JENNIFER LOTZ, State Bar No. 196925
DANIEL E. LASSEN, State Bar No. 271446
CURLEY, HURTGEN & JOHNSRUD LLP
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone:   650.600.5300
Facsimile:    650.323.1002
E-mail:  bjohnsrud@chjllp.com
         jlotz@chjllp.com
         dlassen@chjllp.com

Attorneys for Defendant
JUUL LABS, INC.

CHRIS BAKER, State Bar No. 181557
DEBORAH SCHWARTZ, State Bar No. 208934
BAKER CURTIS & SCHWARTZ, P.C.
1 California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 433-1064
Fax: (415) 366-2525
Email: cbaker@bakerlp.com
       dschwartz@bakerlp.com

Attorneys for Plaintiff
MARCIE HAMILTON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIE HAMILTON,<br><br>                              Plaintiff,<br><br>           v.<br><br>JUUL LABS, INC.,<br><br>                              Defendant. | Case No. 3:20-cv-03710-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>DATE:        October 22, 2020<br>TIME:        9:30 a.m.<br>DEPT:        Courtroom 5, 17th Floor<br>JUDGE:      Hon. Edward M. Chen |

The parties to the above-entitled action, Plaintiff Marcie Hamilton ("Hamilton" or "Plaintiff") and Defendant Juul Labs, Inc. ("JLI," "JUUL," or "Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report

in anticipation of the Case Management Conference scheduled for Thursday, October 22, 2020 at 9:30 a.m., in Courtroom 5, 17th Floor, before the Honorable Edward M. Chen.

## I.      JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over all of Plaintiff's claims based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a).  There are no issues regarding personal jurisdiction or venue, and all parties have been served with process.  Defendant has not brought any counterclaims in this action.

## II.     FACTS

This is a California Private Attorneys General Action ("PAGA") and Unfair Competition action.  A brief summary of the parties' respective factual positions is set forth below.

### A.      Plaintiff's Position

This PAGA/Unfair Competition Case concerns JUUL's use of illegal NDAs, other agreements, and confidentiality policies and practices to restrict competition, speech, and the disclosure of wrongdoing.  The case also concerns JUUL's use of agreements that require the preemptive release of unwaivable claims as a condition of continuing employment, wages, a bonus, or other employment benefits.

The Court granted JUUL's motion to dismiss as to Plaintiff's first four causes of action with leave to amend (and no express deadline to amend) on the basis that: (1) JUUL's standard NDA should not be construed as unlawful under the first four causes of action based on the pleaded facts; and (2) because the allegations concerning JUUL's policies and practices were vague and conclusory.

The Court denied JUUL's motion to dismiss as to Plaintiff's fifth and sixth causes of action.  The Court struck Plaintiff's request for injunctive relief – presumably without prejudice in that, if Hamilton successfully pleads claims with respect to the first four causes of action, she will also be able to plead a claim for injunctive relief by virtue of those claims.

The parties mediated this case pre-litigation.  JUUL discloses the existence of a confidential individual settlement through this Joint Statement.  As relevant here, the confidential individual settlement further provides:

"This Release of Claims does not release the PAGA Claims . . . .  'PAGA Claims' for purposes of this Agreement mean claims under PAGA or claims seeking solely a public injunction under Section 17200 *et seq.* of the California Business and Professions Code arising from EMPLOYER's employee-related agreements, certificates, policies, guidelines, training programs, or practices concerning confidentiality, non-disparagement, whistleblowing, the right to speak, or the right to compete, or the right to engage in political activity, or the use of EMPLOYER's products in the workplace."

Plaintiff filed with the LWDA and served her first PAGA notice on August 14, 2019.  As a prophylactic measure, Hamilton filed and served a second PAGA notice attaching her original complaint on June 4, 2020.  On August 27, 2020 and September 29, 2020, Hamilton filed and served additional PAGA notices with respect to this case.  The last two PAGA notices detail additional facts that Plaintiff will plead when she files an amended complaint.  Moreover, Jim Isaacson – another former JUUL employee – joined Marcie Hamilton as a PAGA representative in the September 29, 2020 PAGA notice.  As Exhibit 2 to the Baker Declaration explains, Isaacson worked regularly in California and is entitled to the protections of California law.

Because Plaintiff considers the August 27 and September 2020 PAGA notices relevant to the Court's consideration of issues for the CMC, Plaintiff attaches them to a declaration submitted in conjunction with this Statement.  Plaintiff seeks to avoid an over-long factual discussion in this pleading.

Plaintiff intends in her amended complaint to address the deficiencies identified by the Court in its September 11, 2020 Order (Dkt # 23) and to add PAGA claims based on Labor Code §§ 1101 and 1102 (concerning illegal restrictions on political speech).  As set forth in Exhibit 2 of the Baker Declaration, JUUL places improper restrictions on employee political speech, including with respect to what employees can or cannot say to candidates for political office.

Finally, too often substantive claims under PAGA get sidetracked by technical disputes about the content of PAGA notices, administrative exhaustion periods, limitation periods, and

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

tolling.  Plaintiff seeks to avoid such disputes in this case.  Plaintiff contends that all her claims will "relate back" to the filing of the first PAGA notice or the original complaint.  Alternatively, she asserts that all limitations periods are, at a minimum, equitably tolled in light of the case's procedural posture.  JUUL seemingly disagrees.  It refuses to stipulate to a prophylactic tolling agreement as to any limitations period that may or may not be running with respect to Plaintiff's June 4, 2020 PAGA notice.  The exhaustion periods for the August 27 and September 29 PAGA notices are also seemingly in dispute.  Plaintiff currently calendars them as September 29, November 2, and December 3, 2020.[1]

Plaintiff seeks to avoid the judicial burden and procedural headaches involved in filing amended complaints (or motions to amend) in *seriatim*.  At the same time, Plaintiff also seeks to avoid having to address later technical arguments about PAGA limitation and exhaustion periods arising from <u>not</u> filing serial amendments as exhaustion periods expire.  Plaintiff's proposal to address this issue, and the filing of her amended complaint, is set forth below.

**B.    Defendant's Position**

Plaintiff Marcie Hamilton is a former "high-level managerial employee" who worked as JLI's Director of Program Management for just under one year, from April 2018 through March 2019.  On March 15, 2019, JLI notified Hamilton that her at-will employment was being terminated.  JLI offered Hamilton a Separation Agreement and Release (the "Separation Agreement") which (if signed) would provide her with certain separation benefits to which she was not otherwise entitled, including a brief period of paid leave of absence from March 16, 2019 through April 2, 2019 to allow for her first tranche of equity to vest, a separation payment, an unearned "special bonus," and a three-month subsidy for continued health benefits under COBRA.  Hamilton negotiated certain terms of the Separation Agreement directly with JLI and then retained counsel to further negotiate on her behalf, alleging that she had been wrongfully terminated.  The negotiations were unsuccessful and Hamilton declined to sign the Separation

---

[1] The PAGA exhaustion periods for claims under Labor Code §§ 232(a)-(b) and 232.5(a)-(b) is 33 days. See Labor Code § 2699.3(c)(2)(A).  The PAGA exhaustion period for other Labor Code claims is 65 days. See Labor Code § 2699.3(a)(C)(2)(A).

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

Agreement.  The parties subsequently mediated and settled Hamilton's individual employment claims, but did not resolve her PAGA claims.

JLI disputes that Hamilton's proposed Separation Agreement or any separation agreement it has offered to any other similarly situated California employee since January 1, 2019 contains any term or condition known by JLI to be prohibited under Government Code § 12964.5. Further, JLI did not require Hamilton to agree, in writing, to any term or condition known to be prohibited by law as Hamilton never signed the Separation Agreement.

With respect to Plaintiff's August 27, 2020 and September 29, 2020 PAGA letters, JLI disputes that Plaintiff can amend her Complaint to add new PAGA or unfair competition claims (including, but not limited to, PAGA claims predicated on Labor Code §§ 1101 or 1102) which exceed the scope of the Court's Order granting leave to amend or that Plaintiff can add a new PAGA representative without leave of Court.  JLI also disputes that Mr. Isaacson (who purports to join Hamilton in the September 29, 2020 PAGA letter) has standing to join Hamilton as a PAGA representative as Mr. Isaacson worked for JLI remotely in Utah and signed a Separation Agreement and Release which includes a Utah choice of law clause and provides for mandatory arbitration in Denver, Colorado.

The parties are in discussions regarding a possible tolling agreement to attempt to avoid serial amendments and potential overlapping motion practice due to the differing PAGA exhaustion periods associated with Plaintiff's August 27, 2020 and September 29, 2020 PAGA notices.  While JLI is not opposed to tolling in the interest of judicial economy and efficiency, any tolling should be limited to the interim period between the date on which the parties enter into a tolling agreement and the date on which the final PAGA exhaustion period expires for the September 29, 2020 PAGA letter.  JLI will not agree to tolling as a mechanism for reviving any time-barred claims or to toll any statute of limitations period that has already expired and expressly preserves all defenses as to timeliness, relation back, administrative exhaustion, and standing.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    LEGAL ISSUES

#### A.    Plaintiff's Position

Plaintiff believes her claims raise the following primary legal issues:

1.    Do JUUL's agreements, policies, and practices violate California's <u>anti</u>-gag rule by illegally restricting employees' right to compete, whistle blow, and freedom of speech, as established by numerous California statutes.  *E.g., Doe v. Google*, 2020 WL 5639449, * 7. (Cal.App. Sept. 21, 2020)

2.    Do certain of JUUL's agreements violate Government Code § 12964.5 (and thus Labor Code § 432.5) because they contain a preemptive waiver of claims under FEHA?

3.    If JUUL's agreements, policies, and practices violate the law, what is the appropriate remedy?

4.    To the extent JUUL asserts statute of limitation defenses or other procedural defenses, what is the effect of, among other things: (a) the parties' original tolling agreement; (b) the filing of the original complaint; (c) JUUL's refusal to produce documents as required by the Labor Code; (d) the operation of Labor Code § 2699.3(a)(2)(C), (e) and the relation back and other doctrines, on any such limitations/exhaustion periods?  *E.g., Brown v. Ralph's Grocery Co.*, 28 Cal.App.5[th] 824, 841 (applying FEHA relation back rule to PAGA ["Incidents not described in a DFEH charge can be included in the subsequently filed lawsuit . . . if the allegations in the civil complaint were 'like or related' to those specified in the DFEH charge.]")

In addition, Plaintiff disagrees with JUUL's interpretation of the Court's September 11, 2020 Order (Dkt # 23).  Plaintiff addresses the impact and effect of the Court's Order in Sections IV.A below.

#### B.    Defendant's Position

Following the Court's September 11, 2020 Order on JLI's Motion to Dismiss (ECF-23), the only remaining claim is the Fifth Cause of Action, alleging a PAGA claim under Labor Code § 432.5 predicated on an alleged violation of Government Code § 12964.5 based on certain terms in Hamilton's proposed Separation Agreement.  Although the Court did not technically dismiss the derivative Sixth Cause of Action for Unfair Competition, its order leaves no doubt that the

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

claim is no longer live.  Hamilton only asked for injunctive relief in connection with her UCL claim (ECF-1, ¶ 83) and the Court held that Hamilton lacked standing to pursue injunctive relief in connection with that claim (ECF-23 at 16:22-17:1).  The following legal issues are relevant to the one currently pending PAGA claim:

(a)     Whether Hamilton's PAGA claim under Labor Code § 432.5 predicated on an alleged violation of California Government Code § 12964.5, as alleged in the Complaint and the corresponding PAGA Letter submitted on June 4, 2020, relates back to the original PAGA Letter submitted by Hamilton on August 14, 2018 and, if it does not, the effect with respect to administrative exhaustion and statute of limitations.

(b)     Whether Hamilton can establish that the Separation Agreement she was offered but did not sign violated California Labor Code § 432.5 (and, in turn, violated PAGA) because it contained a term or condition known by JLI to be prohibited under California Government Code § 12964.5.

(c)     Whether the Separation Agreement Hamilton was offered but did not sign was a negotiated settlement agreement to resolve an underlying claim filed by Hamilton through JLI's internal complaint process within the meaning of California Government Code § 12964.5.

(d)     Whether Hamilton can establish that JLI violated California Labor Code § 432.5 by requiring her to agree, in writing, to a term or condition known to be prohibited by law where Hamilton did not sign the Separation Agreement.

(e)     Whether Hamilton can establish that any other JLI employee in California was required to agree, in writing, to a separation agreement containing a term or condition known by JLI to be prohibited under California Government Code § 12964.5 since January 1, 2019 (the effective date of the statute).

(f)     Whether Hamilton can establish that JLI's offer of a brief paid administrative leave of absence to allow her first tranche of equity to vest and/or its offer of an unearned "special bonus" in the Separation Agreement she did not sign violated California Government Code § 12964.5.

(g)     Whether Hamilton can establish an entitlement to recover any PAGA penalties on

her own behalf or on behalf of any other allegedly aggrieved employee.

(h)     If Hamilton can recover any PAGA penalties based on her sole remaining PAGA claim predicated on California Labor Code § 432.5, whether such penalties should be assessed at an initial violation rate of $100 for each employee who was allegedly required to agree in writing to a separation agreement containing a term or condition purportedly known by JLI to be prohibited under California Government Code § 12964.5.

(i)     Whether any PAGA penalties Hamilton may recover should be reduced by the Court as "unjust, arbitrary and oppressive, or confiscatory" under Labor Code § 2699(e)(2).

(j)     Whether Hamilton can establish an entitlement to attorneys' fees and costs under PAGA and/or California Code of Civil Procedure § 1021.5.

## IV.     MOTIONS AND CASE MANAGEMENT

### A.     The Motion To Dismiss and September 11, 2020 Order

Defendant filed a Motion to Dismiss and Motion to Strike (ECF-12), which was heard on August 20, 2020.  The Court issued an Order on September 11, 2020 granting in part and denying in part the Motion to Dismiss and Motion to Strike with leave to amend (ECF-23).  Hamilton has not yet filed an amended Complaint.  Both parties seek to avoid serial amendments to the Complaint as various PAGA exhaustion periods potentially expire.  They seek to do this without prejudicing their claims and defenses.

### B.     Plaintiff's Position

#### 1.     Immediate Case Management and Potential Motion Practice

Plaintiff reads the Court's September 11 Order as definitively foreclosing the following claims: (1) A claim that the failure to include the Defend Trade Secrets Act (DTSA) "notice of immunity" in JUUL's NDA violates Labor Code § 432.5 because it violates the DTSA; and (2) A claim that the inclusion of a non-solicitation provision in JUUL's NDA violates Labor Code § 432.5 because it is, at most, void under Business & Professions Code § 16600.  Plaintiff also reads the Order to definitely strike the references to Weinstein, Theranos, and Wigand with respect to paragraph 22 of the complaint.

Plaintiff reads the Order as <u>preserving</u> the remainder of her fifth and sixth causes of action

1    and underline granting Plaintiff leave to amend to state causes of action under Labor Code §§ 1102.5 (First

2    Cause of Action), 96(k) and 98.6 (Second Cause of Action), 232 and 1197.5 (Third Cause of

3    Action), and 232.5 (Fourth Cause of Action).  Plaintiff notes that, if she can state a claim under

4    any of the first four causes of action, she will also be able to state a claim for injunctive relief

5    because she remains subject to JUUL's NDA and Termination Certificate, forevermore.

6            In addition, although *Grinzi v. San Diego Hosp. Corp.*, 120 Cal.App.4th 72 (2004) states

7    that Labor Code § 96(k) and 98.6 do not give rise to underline wrongful termination claims based on

8    employee speech, there is now contrary appellate authority in the PAGA/unfair competition

9    context.  In *Doe v. Google*, 2020 WL 5639449 (Cal.App. 2020) – a case decided after this Court's

10   September 11, 2020 Order – the appellate court was unanimous in finding that Labor Code §§

11   96(k) and 98.6 sets forth California's "deeply rooted interest" in protecting employee speech

12   against illegal confidentiality policies and agreements.  *Id.* at ** 5, 7, 15.  This is not dicta.  A

13   deeply-rooted interest that gives rise to no claim is not an interest at all.

14           The *Doe* court also recognized the validity of restraint of trade and Cartwright claims

15   under PAGA.  *Id.* at ** 6, 7, 15.  Particularly in light of *Doe*, to the extent the overbreadth of

16   JUUL's NDA constitutes an illegal restraint on trade in violation of the Cartwright Act[2] or

17   violates § 17200 (including through incorporation of § 16600 or otherwise),[3] she can request

18   injunctive relief.  Again, Plaintiff remains bound by the NDA and Termination Certificate.

19           Plaintiff does not intend here to engage in an extended exegesis of *Doe*.

20           However, in light of the disagreement over the meaning and effect of this Court's

21   September Order, the pending PAGA notices, the recent decision in *Doe*, JUUL's refusal to enter

22   a complete tolling agreement through the settlement of the pleadings, and Plaintiff's intent to add

23   PAGA §§ 1101/1102 claims (and JUUL's refusal to stipulate to such an amendment), Plaintiff

24   ----
     [2] Plaintiff notes that the Cartwright Act – beginning at § 16700 – is separate and distinct from
     Business & Professions Code § 16600.  The Cartwright Act declares illegal combinations
25   ("trusts") in restraint of trade – not merely void – but also "unlawful" and "against public policy."
     Bus. & Prof. § 16726.  The September Order addressed the § 16600 issue, but not the Cartwright
26   issue.
     [3] *See, e.g, Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881, 908 n. 21 (1998)
27   (finding that restrictive covenant which violates Business & Professions Code § 16600 is
     underline unlawful under Business & Professions Code § 17200).

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

proposes the following:

Plaintiff will file a motion to amend with a draft amended complaint after the Case Management Conference.  At a bare minimum, the amended complaint will "relate back" to the date of the filing of the motion to amend for limitation purposes.  *E.g., Beech v. San Joaquin County* (E.D. Cal. 2017) 2017 WL 5177654 * 2.  The amended complaint will address the deficiencies identified by the Court in its September 11 Order.  It will also add claims under Labor Code §§ 1101 and 1102.  If JUUL seeks to oppose the motion, it can do so in the normal course.  JUUL can argue, for example, that the motion to amend should be denied because the proposed amendments are futile.  This may render any subsequent motion to dismiss unnecessary or duplicative.

If the Court grants the motion to amend (in whole or in part), Plaintiff will then file the amended complaint on December 4, 2020, after the last PAGA exhaustion period has expired.

Through this process, the parties and the Court can hopefully avoid the complications arising from motions for clarification, etc., serial amendments, and technical defenses requiring an extended analysis of PAGA's complicated exhaustion, tolling, and limitation periods.

### 2.   Additional Potential Motion Practice

After the pleadings are settled and with targeted discovery, Plaintiff anticipates filing motions for judgment on the pleadings and/or motions for partial summary adjudication.

### B.   Defendant's Anticipated Motions

### 1.   Immediate Case Management and Potential Motion Practice.

JLI reads the Court's Order as granting leave to amend as to the First through Fourth Cause of Action only (ECF-23, at 11:9-22), leaving as the sole predicate for the Fifth Cause of Action based on Labor Code § 432.5 an alleged violation of Government Code § 12964.5 (*Id.,* at 11:23-16:16), and, in essence, dismissing the derivative Sixth Cause of Action for Unfair Competition by holding that Hamilton lacked standing to pursue injunctive relief (*Id.,* at 16:22-17:1).

With respect to the Second Cause of Action (based on a claimed violation of Labor Code §§ 96(k) and 98.6), JLI reads the Court's Order as allowing Plaintiff to amend to "plead factual

allegations that demonstrate the contracts should be interpreted as prohibiting her from . . . engaging in otherwise lawful conduct during non-working hours," but underlining precluding Plaintiff from basing this claim on an alleged violation of constitutional free speech rights because "a private employee has no recognized constitutional protection from termination by a private employer based on speech." (ECF-23 at p.6, n. 5 and 11:16-22, citing *Grinzi v. San Diego Hosp. Corp.*, 120 Cal.App.4th 72, 88 (2004).)

Plaintiff's reliance on *Doe v. Google*, 2020 WL 5639449 (Cal.App. Sept. 21, 2020) as allegedly providing "contrary appellate authority" to *Grinzi* is misplaced. There, the Court of Appeal decided only that the plaintiffs' PAGA claims (including claims predicated on Labor Code §§ 96(k) and 98.6) were not preempted by the National Labor Relations Act, an issue that was not raised in JLI's Motion to Dismiss.   The *Doe* court did not address or consider whether the plaintiffs could state a PAGA claim under Labor Code §§ 96(k) and 98.6 based on an alleged violation of constitutional free speech rights, nor did the court consider the holding in *Grinzi*. Further, the court's statement that "these statutes [referring to Labor Code §§ 232, 232.5, and 96(k)] establish as a minimum employment standard an employee anti-gag rule" is nothing more than *dicta* which does not contradict *Grinzi*. *Doe*, at *8.

The *Doe* decision also did not address or consider whether the plaintiffs could state a PAGA claim under the Cartwright Act and held only that the plaintiffs' PAGA claims predicated on alleged restraints on competition under Business and Professions Code §§ 16600, 16700, and 17200 were not preempted by the NLRA.  *See Doe*, 2020 WL 5639449, at *2 (the plaintiffs in *Doe* alleged that "Google's confidentiality rules violate state statutes by preventing employees from using or disclosing the skills, knowledge, and experience they obtained at Google for purposes of competing with Google"), *12, *15.   Notably, the *Doe* court did not consider the specific argument raised in JLI's Motion to Dismiss – that Hamilton does not and cannot allege that she conspired with JLI to restrain competition in violation of the Cartwright Act.  *See Black v. Bank of America N.T. & S.A.*, 30 Cal. App. 4th 1, 4 (1994) ("It has long been the rule in California that agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

not as individuals for their individual advantage.") (citation omitted).  (ECF-12 at 17: 8-18 and ECF-17 at 12:16-13:6.)

Further, whether Plaintiff can successfully amend her Complaint to state a claim under any of the first four causes of action, and whether Plaintiff can then state a claim for injunctive relief, is best determined with full briefing on a subsequent motion to dismiss when the amended pleading is before the Court.

JLI believes that the following is in the interest of judicial economy and efficiency: (1) the parties will stipulate that any limitations period pertaining to the PAGA claims alleged in Plaintiff's August 27, 2020 and September 29, 2020[4] PAGA Letters will be tolled for the period between October 22, 2020 and December 4, 2020 (the date on which the final PAGA exhaustion period expires for the September 29, 2020 PAGA letter) (the "Tolling Period").  This agreement will not revive any claims as to which the applicable statute of limitations period may have expired in part or in full prior to the start of the Tolling Period.  JLI will expressly preserve all defenses to such claims, including, but not limited to, defenses based on timeliness, relation back, administrative exhaustion, and standing; and (2) Plaintiff will file a single amended complaint and JLI can file another motion to dismiss, again expressly preserving all defenses to the amended complaint, including, but not limited to, Mr. Isaacson's lack of standing.

## 2.   Additional Potential Motion Practice.

JLI anticipates filing a Motion to Dismiss the amended Complaint, if appropriate.  JLI also anticipates filing a Motion for Summary Judgment and/or Summary Adjudication.

## V.   AMENDMENT OF PLEADINGS

The Court's Order granting in part and denying in part the Motion to Dismiss and Motion to Strike with leave to amend (ECF-23) did not set a deadline for the filing of an amended Complaint.  In light of the parties' inability to reach agreement on the filing of an amended

---

[4]   The September 29, 2020 PAGA letter was submitted on behalf of both Hamilton and James Isaacson.  As discussed in Section II(B) above, Mr. Isaacson does not have standing to join Hamilton as a PAGA representative as he worked for JLI remotely in Utah and entered into a Separation Agreement and Release with a Utah choice of law provision which provides for mandatory arbitration in Denver, Colorado.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

1
2
3

complaint, Plaintiff intends to file a motion for leave to amend.  Defendant reserves the right to oppose this motion and reserves the right to challenge the allegations of such amended Complaint (once filed) on a motion to dismiss.

4
5
6
7
8
9
10

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

11

## VI.   EVIDENCE PRESERVATION

12
13
14
15

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

16

## VII.   DISCLOSURES

17
18

The parties will make initial disclosures under Federal Rule of Civil Procedure 26 within 14 days of the Rule 26(f) conference.

19
20

### A.   Plaintiff's Position

Plaintiff intends to make complete initial disclosures.  Plaintiff objects to JUUL's refusal to provide initial disclosures as to Causes of Action 1-4 and to the entirety of Causes of Action 5-6.

21
22
23
24

### B.   Defendant's Position

JLI's disclosures will be limited to the sole currently pending PAGA claim as disclosures on any other claims that may be alleged would be premature until the pleadings are settled.

25
26

## VIII.   DISCOVERY

27
28

The parties have served initial discovery requests, including requests for production,

1   interrogatories, and requests for admissions.  The parties dispute the appropriate scope of

2   discovery at this time, given the Court's ruling on the Motion to Dismiss and Motion to Strike.

3        **A.**    **Plaintiff's Position**

4        Plaintiff has served limited discovery seeking, among other things, the production of

5   JUUL's confidentiality and other relevant policies and training programs.  Plaintiff is entitled to

6   responses to this discovery.  *E.g., Mattco Forge, Inc. v. Arthur Young,* 223 Cal.App.3d 1429,

7   1436, n.3. ("Pleading deficiencies do not affect either party's right to conduct discovery . . . and

8   this right (and the corresponding obligation to respond) is particularly important to a plaintiff in

9   need of discovery to amend its complaint.")  Plaintiff's additional PAGA notices (Baker Decl.

10  Exs. 1-2) make clear that there is a high likelihood her amended complaint will be permitted and

11  withstand any motion to dismiss.

12       This is hardly a fishing expedition.  Plaintiff presumes Defendant seeks to delay the

13  production of its policies and training programs because it knows what they say.  Defendant

14  apparently hopes to limit its liability based on a contention that the limitations period is

15  continuing to run so long as the policies are not produced (and thus not subject to a <u>detailed</u>

16  description in a PAGA notice or complaint).

17       Plaintiff believes Defendant should respond to her discovery requests, notwithstanding its

18  interpretation of the meaning and effect of the Court's September 11, 2020 Order.  The refusal to

19  respond to this discovery will generate unnecessary motion practice and, potentially, additional

20  PAGA notices and amended complaints after the case is well underway.

21       **Defendant's Position:**  It is JLI's position that good cause exists to limit discovery at this

22  early stage to the currently pending PAGA claim.  *First,* every other PAGA claim has been

23  dismissed, the only relief sought in connection with the UCL claim has been stricken, and there is

24  no pending amended complaint.  It is well-settled that "plaintiffs must satisfy the pleading

25  requirements of Rule 8 **before** the discovery stage, not after it." *Mujica v. Airscan, Inc.*, 771 F.3d

26  580, 593 (9th Cir. 2014) (emphasis added) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679

27  (2009) (explaining that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with

28  nothing more than conclusions"). Therefore, California District Courts routinely stay discovery as

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

to claims that have been dismissed with leave to amend.  *See, e.g., Braun v. Yahoo*, No. 17-CV-06294-SVK, 2018 WL 10809622, at *4–5 (N.D. Cal. Mar. 28, 2018) (staying discovery pending a decision on any motion to dismiss the amended complaint or until Yahoo files an answer to the amended complaint, whichever occurs first, because the court must "**first determine whether Plaintiff can plead a plausible claim in an amended complaint that complies with the direction provided in this order before discovery will proceed**.") (emphasis added); *see also Carter v. Oath Holdings, Inc.*, No. 17-CV-07086-BLF, 2018 WL 3067985, at *3–4 (N.D. Cal. June 21, 2018) (staying discovery where the Court has dismissed the complaint with leave to amend and holding that "good cause exists to stay discovery until Plaintiff's allegations are adequately pled. See Fed. R. Civ. P. 26(c)(1)(A). This discovery stay furthers the goal of efficiency for the court and the litigants.").  Simply put, Hamilton must meet the threshold requirement of alleging a viable PAGA claim based on specified policies and training programs before JLI should be required to provide extensive discovery on these subjects.

*Second*, as reflected in the Court's Order granting the Motion to Dismiss the First through Fourth Causes of Action, Hamilton's counsel confirmed that she had already obtained the policies and facts necessary to amend the Complaint.  ECF-23 at 11:11-22 ("[A]t the hearing, Ms. Hamilton represented that she has acquired—outside of the mediation privilege—copies of purported policies that buttress her claims that Juul's agreements have been unlawfully applied. Ms. Hamilton argues that in an amended pleading, she can provide factual allegations beyond a facial challenge to these agreements which may shed light on the proper interpretation of these contracts, similar to the reason the *Edwards* court remanded the case to develop a factual record.").  Therefore, Plaintiff's discovery requests related to PAGA claims that have been dismissed are premature and should be stayed unless and until Plaintiff has stated a PAGA claim that survives a motion to dismiss.

### A.    Plaintiff's Anticipated Discovery

Plaintiff intends to seek additional discovery based on JUUL's responses to her initial discovery.  Plaintiff anticipates this discovery will include the depositions of current and former

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

JUUL executives and corporate representatives.

**B.     Defendant's Anticipated Discovery**

JLI has propounded a set of requests for production related to the currently pending PAGA claim and anticipates taking certain discovery related to the currently pending PAGA claim, including possibly taking Hamilton's deposition and propounding additional written discovery, including interrogatories and/or requests for admission.  JLI may take additional discovery on subjects to be determined once the pleadings have been settled.

**C.     Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**

      **1.     Rule 26(f)(3)(A):  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

The parties do not currently request that any changes be made to the timing, form, or requirement for disclosures under Rule 26(a), though, as noted above, the parties disagree as to the appropriate scope of the Rule 26(a) disclosures at this time given the Court's Order on the Motion to Dismiss.

      **2.     Rule 26(f)(3)(B):  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties anticipate taking discovery (to the extent necessary and appropriate) on the Factual Issues set forth in Section II, *supra,* and the Legal Issues set forth in Section III, *supra*.

**Plaintiff's Position:**  If JUUL will respond to Plaintiff's initial and follow up discovery, Plaintiff anticipates discovery will be completed by May 2021.  Plaintiff does not believe discovery should be bifurcated in this case.  Given the modest size of JUUL's workforce (relatively speaking), discovery on the subject of the amount of PAGA penalties should be straightforward.

**Defendant's Position:**  Any discovery at this early stage should be limited to the currently pending PAGA claim.   It is premature to discuss other potential subjects of discovery, or the deadline by which discovery should be completed, until the pleadings have been settled.

**3.   Rule 26(f)(3)(C):  Any issues relating to disclosures or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not presently anticipate any issues relating to disclosure or discovery of electronically stored information.  They agree to address any such issues in the event they arise.

**4.   Rule 26(f)(3)(D):  Any issues relating to claims of privilege or of protection as to trial-preparation materials, including – if the parties agree on a procedure to assert such claims after production – whether to ask the Court to include their agreement in an order.**

The parties do not presently anticipate any issues relating to claims of privilege or of protection as to trial-preparation material.  They agree to address any such issues in the event they arise.

**5.   Rule 26(f)(3)(E):  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

**Plaintiff's Position:**  Plaintiff currently requests no changes to the discovery rules. Plaintiff vociferously objects to JUUL's desire to depose Plaintiff two times.  There is no point in taking two depositions of Plaintiff (one time for four hours and a second time for seven hours), except to harass the Plaintiff.  If JUUL seeks to depose Plaintiff, it can do so now (before the pleadings are settled) or it can do so later (after the pleadings are settled).  It should not be permitted to do so twice.

**Defendant's Position**:  JLI requests that any discovery in this case be limited to the currently pending PAGA claim until the pleadings have been settled.  JLI also requests that the limitation of a deposition of 1 day and 7 hours under Rule 30(d)(1) of the Federal Rules of Civil Procedure be modified to allow JLI to take an initial deposition of Plaintiff Hamilton of up to 4 hours regarding the currently pending PAGA claim, and, if necessary, a further deposition of Plaintiff Hamilton of up to 7 hours on any additional claims that may survive a motion to dismiss (if any).

6.      **Rule 26(f)(3)(F):  Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**Plaintiff's Position:**  Given the nature of this case, Plaintiff anticipates motion practice with respect to the form of any protective order.  A protective order is a prior restraint subject to First Amendment limitations.  JUUL unlawfully contends <u>everything</u> is "confidential," even the terms and conditions of its employees' employment.  JUUL cannot be permitted to import its illegal confidentiality requirements into a court order through the simple use of a "confidentiality" stamp.  Open-ended protective orders are too often abused, leading to unnecessary and time-consuming litigation about the meaning and import of those orders.  A narrowly-tailored order is more appropriate in a case such as this one.

**Defendant's Position:**  JLI intends to seek a Stipulated Protective Order based on the Northern District's Model Protective Order for Standard Litigation.  The purpose of this Protective Order is to protect any documents or information produced in this case that include trade secrets, other legally protectable confidential or proprietary business information of JLI or third parties, and/or private or confidential information of non-party current and former JLI employees.  A protective order of this nature is standard in employment litigation.

JLI is amenable to tolling the limitations period pertaining to the PAGA claims alleged in Plaintiff's August 27, 2020 and September 29, 2020 PAGA Letters for the period between October 22, 2020 and December 4, 2020 (the "Tolling Period"), provided that this tolling agreement will not revive any claims as to which the applicable statute of limitations period may have expired in part or in full prior to the start of the Tolling Period, and provided further that, JLI will expressly preserve all defenses to such claims, including, but not limited to, defenses based on timeliness, relation back, administrative exhaustion, and standing.

**IX.      CLASS ACTIONS**

This is not a class action.  It is a representative action under PAGA.

**X.      RELATED CASES**

There are no known related cases pending in this Court or before another court or administrative body.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC

XI.  **RELIEF**

   A.  **Plaintiff's Position**

   Plaintiff seeks PAGA penalties, changes to JLI's NDAs, agreements and confidentiality requirements, notice to aggrieved employees concerning their rights notwithstanding these requirements, a public injunction, attorneys fees, costs, and other appropriate relief.  The amount of the PAGA penalties (including the appropriateness of stacking and any reduction), and the exact form of the other relief, should be determined in the normal course.

   B.  **Defendant's Position**

   Defendant denies that Plaintiff or any other aggrieved employee on whose behalf she claims to bring this action is entitled to recover any PAGA penalties, injunctive relief, or any other claimed relief sought.  If the Court finds otherwise, any penalties should be calculated on a per employee basis (and not a per pay period basis), should not be "stacked," and/or should be significantly reduced under Labor Code § 2699(e)(2).  The penalties sought by Plaintiff are entirely disproportionate to any alleged damages at issue and the express terms of the Separation Agreement confirm that JLI was acting in good faith and attempting to comply with the law.

XII.  **SETTLEMENT AND ADR**

   Prior to litigation, the parties participated in mediation and settled Hamilton's individual employment claims, but were unable to settle Hamilton's PAGA claims.  The parties are amenable to further ADR, including mediation before a private mediator or a settlement conference with a magistrate judge, once the pleadings have been settled.

XIII.  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

   The parties do not consent to have a magistrate judge conduct all further proceedings.

XIV.  **OTHER REFERENCES**

   At this time, the parties do not believe that the currently pending PAGA claim is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

XV.  **NARROWING OF ISSUES**

   At this time, the parties have not identified issues that can be narrowed by agreement

(other than perhaps as to tolling), and are addressing various issues through motion practice.

## XVI.   EXPEDITED SCHEDULE

The parties do not believe that his case can be handled on an expedited basis.

## XVII.   SCHEDULING

The parties propose the following schedule pursuant to the Court's Guidelines re Calculation of Trial Time Line, though it is JLI's position that it is premature to set proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial as the pleadings are not yet settled.

| Event | Hamilton's Proposal | JLI's Proposal |
| --- | --- | --- |
| Non-Expert Discovery Closed | May 6, 2021 | October 7, 2021 |
| Expert Disclosure | May 6, 2021 | October 7, 2021 |
| Rebuttal Expert Disclosure | May 27, 2021 | October 28, 2021 |
| Expert Discovery Closed | June 17, 2021 | November 18, 2021 |
| Last Day to File Dispositive Motions | June 17, 2021 | December 2, 2021 |
| Last Day to Hear Dispositive Motions | July 22, 2021 | January 20, 2022 |
| Last Day to Meet and Confer Before the Final Pretrial Conference | August 17, 2021 | February 15, 2022 |
| Joint Pretrial Conference Statement/ Trial Briefs | September 7, 2021 | March 8, 2022 |
| Objections | September 17, 2021 | March 18, 2022 |
| Pretrial Conference | September 28, 2021 | March 29, 2022 |
| Trial | October 25, 2021 | April 25, 2022 |

## XVIII. TRIAL

**Plaintiff's Position:**  Plaintiff anticipates a ten-day bench trial.  The length of this trial may be significantly shortened if certain issues (including as to liability) are resolved through

summary adjudication.

**Defendant's Position:**  Based on the currently pending PAGA claim, JLI anticipates a 1 to 2 day bench trial.  It is premature to determine a timeline for trial of any additional claims that may survive a motion to dismiss.  Plaintiff has waived her right to a jury trial.  (ECF-23 at 16:18-21.)

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has previously filed its "Certification of Interested Entities or Persons" and certifies that the following listed persons, associations of persons, firms, partnership, corporations (including parent corporation) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding: Altria Group, Inc.

## XX.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy and inexpensive resolution of this matter.

Dated: October 15, 2020                              CURLEY, HURTGEN & JOHNSRUD LLP


By_____-S-_____
    BRIAN L. JOHNSRUD
    JENNIFER LOTZ
    DANIEL E. LASSEN
    Attorneys for Defendant
    JUUL LABS, INC.

1    Dated: October 15, 2020                    BAKER CURTIS & SCHWARTZ, P.C.

2

3                                              By_____-S-_____
                                                 CHRIS BAKER
4                                                DEBORAH SCHWARTZ
                                                 Attorneys for Plaintiff
5                                                MARCIE HAMILTON

6

7                          **SIGNATURE ATTESTATION**

8            Pursuant to Local Rule 5-1(i)(3), I attest that I have obtained concurrence regarding the

9    filing of this document from the other signatories to the document.

10

11   Dated: October 15, 2020                    BAKER CURTIS & SCHWARTZ, P.C.

12

13                                             By_____-S-_____
                                                 Chris Baker
14                                               Attorneys for Plaintiff
                                                 MARCIE HAMILTON

15

16

17

18

19

20                              **[PROPOSED] ORDER**

21           The foregoing Case Management Statement and [Proposed] Order is hereby adopted by

22   the Court as the Case Management Order for the case and the parties are ordered to comply with

23   this Order.

24   Dated:_____          _____
                                                 Hon. Edward M. Chen
25                                               UNITED STATES DISTRICT JUDGE

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:20-CV-03710-EMC