1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MARCIE HAMILTON,                          Case No. 20-cv-03710-EMC

8                 Plaintiff,

9          v.                                  **SUPPLEMENTAL ORDER GRANTING
                                               DEFENDANT'S MOTION TO DISMISS
10   JUUL LABS, INC.,                          PLAINTIFF'S CARTWRIGHT ACT
                                               CLAIMS**
11                Defendant.                   Docket No. 45

12

13

14          The parties seek clarification on whether the portions of Plaintiff's Fifth Claim for Relief

15   under Labor Code § 432.5 predicated on the Cartwright Act remain alive.  Docket No. 45 at 10.

16   *See* FAC ¶¶ 143-47.  California Labor Code § 432.5 provides that "[n]o employer, or agent,

17   manager, superintendent, or officer thereof, shall require any employee or applicant for

18   employment to agree, in writing, to any term or condition which is known by such employer, or

19   agent, manager, superintendent, or officer thereof to be prohibited by law."  Cal. Lab. Code §

20   432.5.

21          In ruling on the first Motion to Dismiss, this Court found that Plaintiff's Fifth Claim for a

22   PAGA violation under Labor Code § 432.5 survives with Government Code § 12964.5 as the

23   predicate.  Docket No. 23 at 16.  It found that the other theories on which the Fifth Claim was

24   based (Business & Professions Code § 17200; California's Cartwright Act; Rule 21F-17 of the

25   Securities and Exchange Commission; and the Defend Trade Secrets Act) did not plausibly state a

26   PAGA claim.  *Id.* at 11-15.  However, the parties have informed the Court that its order analyzed

27   the plausibility of Plaintiff's claim based on California Business & Professions Code § 16600,

28   which is distinct from the Cartwright Act.  Accordingly, the Court now analyzes Plaintiff's Fifth

United States District Court
Northern District of California

1    Claim under the provisions of the Cartwright Act, Cal Bus. & Prof. Code, § 16700 *et seq.*

2            The Cartwright Act "generally outlaws any combinations or agreements which restrain

3    trade or competition or which fix or control prices … and declares that, with certain exceptions,

4    every trust is unlawful, against public policy and void." *In re Cipro Cases I & II*, 61 Cal. 4th 116,

5    136, 187 Cal. Rptr. 3d 632, 644, 348 P.3d 845, 855 (2015) (internal quotation marks omitted). *See*

6    *also* Cal. Bus. & Prof. Code § 16726 ("[e]xcept as provided in this chapter, every trust is unlawful,

7    against public policy and void"). A trust is defined as "a combination of capital, skill or acts by

8    two or more persons" that is used for certain anticompetitive purposes. *See* Cal. Bus. & Prof.

9    Code § 16720. *Cf. Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 8, 138 Cal.

10   Rptr. 3d 620, 626 (2012) ("[a] Cartwright Act violation requires a combination of capital, skill or

11   acts by two or more persons that seeks to achieve an anticompetitive end") (internal quotation

12   marks omitted).

13           In order to maintain a cause of action under the Cartwright Act, the following elements

14   must be established: "(1) the formation and operation of the conspiracy; (2) illegal acts done

15   pursuant thereto; and (3) damage proximately caused by such acts." *Kolling v. Dow Jones & Co.*,

16   137 Cal. App. 3d 709, 718, 187 Cal. Rptr. 797, 803 (1982). *Cf. Shajar Abid v. Google LLC*, No.

17   18-cv-00981-MEJ, 2018 U.S. Dist. LEXIS 93649, at *18 (N.D. Cal. June 4, 2018) (same). Some

18   California appellate courts have held that "single firm monopolization is not cognizable under the

19   Cartwright Act." *Asahi Kasei Pharma Corp.*, 204 Cal. App. 4th at 8; *Freeman v. San Diego Ass'n*

20   *of Realtors*, 77 Cal. App. 4th 171, 200 n.32, 91 Cal. Rptr. 2d 534, 556 (1999) ("[t]he Cartwright

21   Act bans combinations but does not have any parallel to Sherman Act section 2's antimonopoly

22   provisions"). *But see Lowell v. Mother's Cake & Cookie Co.*, 79 Cal. App. 3d 13, 23, 144 Cal.

23   Rptr. 664, 671 (1978) ("[t]hough not specifically listed, monopoly is a prohibited restraint of

24   trade" under the Cartwright Act"). Monopolization means "the willful acquisition of the power to

25   control prices or exclude competition from commerce in a particular geographic area with respect

26   to a specific product." *Lowell*, 79 Cal. App. 3d at 23 (citing *United States v. Grinnell Corp.*, 384

27   U.S. 563, 570-71, 86 S. Ct. 1698, 1704 (1966)).

28           Plaintiff brings suit solely against JLI and does not allege that it conspired with another to

United States District Court
Northern District of California

2

create a trust for an anticompetitive purpose.  Further, even if a single firm monopolization theory is cognizable under the Cartwright Act, the FAC is devoid of any detail regarding JLI's price fixing or willful exclusion of competition within a particular geographic area.  *See* FAC ¶¶ 143-47. It contains a simple recitation of the Cartwright Act's purpose and does not provide any detail regarding the legal theory on which the Cartwright Act claim is based.  *See id.*  Plaintiff does not describe how JLI creates an unlawful trust in restraint of trade through its conduct.  The Court therefore finds that Plaintiff's Cartwright Act claim is not a plausible theory on which Plaintiff's Fifth Claim for relief, under Labor Code § 432.5, may rest.

In sum, the Court clarifies that Plaintiff's Fifth Claim is dismissed to the extent it rests on the Cartwright Act.  This order does not alter the Court's previous holding that Plaintiff sufficiently states a claim for a PAGA violation under Labor Code §432.5 with Government Code § 12964.5 as the predicate.

**IT IS SO ORDERED**.

Dated: April 27, 2021

_____
EDWARD M. CHEN
United States District Judge