BRIAN L. JOHNSRUD, State Bar No. 184474
JENNIFER LOTZ, State Bar No. 196925
CURLEY, HURTGEN & JOHNSRUD LLP
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone:   650.600.5300
Facsimile:    650.323.1002
E-mail:   bjohnsrud@chjllp.com
              jlotz@chjllp.com

Attorneys for Defendant
JUUL LABS, INC.


CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
DEBORAH SCHWARTZ, State Bar No. 208934
dschwartz@bakerlp.com
BAKER CURTIS & SCHWARTZ, P.C.
1 California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 433-1064
Fax: (415) 366-2525

Attorneys for Plaintiff
MARCIE HAMILTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIE HAMILTON,<br><br>          Plaintiff,<br><br>     v.<br><br>JUUL LABS, INC.,<br><br>          Defendant. | Case No. 3:20-cv-03710-EMC<br><br>**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

1

STIPULATED PROTECTIVE ORDER
Case No. 3:20-CV-03710-EMC

the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This Order has been stipulated and agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Nothing in this Order shall be treated as any waiver or agreement by a Party that material produced with a "CONFIDENTIAL" designation pursuant to this Order is actually confidential, or entitled to confidential treatment, pursuant to any contract or applicable law. Neither the form, content, or entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action, and the designation of material as "CONFIDENTIAL" – or not – pursuant to this Order shall not be admissible evidence as to any issue presented to a trier-of-fact in this case, except to the extent necessary to interpret or enforce the terms of this Order.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

Curley, Hurtgen & Johnsrud LLP
Counselors At Law
Menlo Park

STIPULATED PROTECTIVE ORDER
Case No. 3:20-CV-03710-EMC

1    2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>House Counsel</u>:  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and/or have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material produced through the formal discovery process that is designated as "CONFIDENTIAL."  Information obtained outside the formal discovery process is not subject to the terms of this Order.  Information obtained as a result of the production of Protected Material is also not subject the terms of this Order (e.g.,

information provided to a Receiving Party or their counsel based on communications with employees following the production of employee contact information).

        2.13.a  "Unique Employee Information" produced through the formal discovery process shall be treated as Protected Material even if is not designated as such.  Unique Employee Information means, with respect to each affected employee, their personal contact information, performance reviews, complaints of discrimination, retaliation or harassment (and any related materials), and individual salaries, bonuses, and equity awards.  Anonymized Unique Employee Information (where, for example, an employee's name is redacted and replaced by a unique identifier) shall not be treated as Protected Material unless other portions of that material contain Unique Employee Information or are designated as "CONFIDENTIAL" pursuant to this Order.  Unique Employee Information is not CONFIDENTIAL under this Order if the affected employee consents to its disclosure or use, unless the Unique Employee Information contains information designated as "CONFIDENTIAL" under this Order for reasons independent of the employee's privacy interests.

        2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

        The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party outside the formal discovery process, or as a lawful consequence of the formal discovery process, as set forth in section 2.13.  Notwithstanding the

1   foregoing, nothing herein is intended to, or shall, relieve any Party, Non-Party, or Counsel of any
2   enforceable contractual, legal, or ethical obligation to protect the trade secrets or other legally
3   protectable confidential, proprietary, or private information of any other Party, and each Party
4   expressly reserves all applicable rights and remedies with respect to any breach of such obligations.
5   If a Party has reasonable cause to believe that such materials are protected from disclosure by
6   applicable law, and that Party seeks to file the materials with the Court, the materials shall be
7   initially lodged under seal, subject to a motion to seal by the Party claiming the materials are
8   protected from disclosure.  Any use of Protected Material at trial shall be governed by a separate
9   agreement or order.

10  4.    DURATION

11      Even after final disposition of this litigation, the confidentiality obligations imposed by this
12  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
13  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and
14  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion
15  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the
16  time limits for filing any motions or applications for extension of time pursuant to applicable law.

17  5.    DESIGNATING PROTECTED MATERIAL

18      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or
19  Non-Party that designates information or items for protection under this Order must take care to
20  limit any such designation to specific material that qualifies under the appropriate standards. To the
21  extent practicable, the Designating Party must designate for protection only those parts of material,
22  documents, items, or oral or written communications that qualify – so that other portions of the
23  material, documents, items, or communications for which protection is not warranted are not swept
24  unjustifiably within the ambit of this Order.

25      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown
26  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
27  encumber or retard the case development process or to impose unnecessary expenses and burdens
28  on other parties) expose the Designating Party to sanctions.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

5

STIPULATED PROTECTIVE ORDER
Case No. 3:20-CV-03710-EMC

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  To the extent practicable using readily available e-discovery technology, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days following receipt of the transcript to identify the specific portions of the testimony as to which protection is sought.  Deposition testimony shall be

treated as "CONFIDENTIAL" pending the deadline. After the 21-day period, if no Party has designed some or all of that deposition transcript as "CONFIDENTIAL" under this Protective Order, the entire deposition, or those portions of the deposition not designated as "CONFIDENTIAL" will no longer be considered confidential.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent <u>Failures to Designate</u>.  If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  In the event of mass or indiscriminate designations, a general notice may be sufficient, provided that it is sufficiently specific as to the basis for the objection and the documents or materials at issue to allow for a meaningful meet and confer discussion. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party may seek discovery relief consistent with the procedure set forth in Paragraph 4 of the Civil Standing Order on Discovery for U.S. District Judge Edward M. Chen (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Failure by the Designating Party to make such a request within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.    The Challenging Party must act in good faith and fully cooperate with the Designating Party in preparing the joint letter brief required by the Standing Order.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a request for discovery relief as provided in the Standing Order, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    Nothing in this Order shall be construed or interpreted as limiting an attorney's right to practice law, as provided by Rule of Professional Conduct 1-500(A), which states, in part, as follows: "A member shall not be a party to or participate in offering or making an agreement . . . if the agreement restricts the right of a member to practice law . . . ."  If there is a dispute as to whether any provision of this Order, either facially or as applied, restricts the right of a member to practice law, it shall be resolved by this Court or another court of competent jurisdiction (e.g., in the event a Party seeks to disqualify a Party's counsel in another case, or in the event there is a coordination of this case with others).  Each Party expressly reserves all applicable rights and remedies with respect to any breach of this Protective Order or any other applicable legal, ethical, or contractual obligation of any Party, Non-Party, or Counsel.

    7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b)   House Counsel;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order unless the Protected Material has been redacted from such pages or exhibits;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Any other person as to whom the Designating Party has consented to disclosure in advance;

(k) Such other persons as the Parties may agree or may be ordered by the Court;

(l) Special masters or discovery referees appointed by the Court; and

(m) Mediators or settlement officers, and their supporting personnel, mutually agreed upon by the Parties for purposes of mediation and/or settlement discussions.

(n) Professional Vendors that have a pre-existing obligation to maintain the confidentiality of information (e.g., e-discovery vendors or platforms).

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 6, 2021                                    CURLEY, HURTGEN & JOHNSRUD LLP


By_____
BRIAN L. JOHNSRUD
Attorneys for Defendant
JUUL LABS, INC.

Dated: May 6, 2021                                    BAKER CURTIS & SCHWARTZ, P.C.


By_____
CHRIS BAKER
Attorneys for Plaintiff
MARCIE HAMILTON


**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that I have obtained concurrence regarding the filing of this document from the other signatories to the document.


Dated: May 6, 2021                                    CURLEY, HURTGEN & JOHNSRUD LLP


By_____
BRIAN L. JOHNSRUD
Attorneys for Defendant
JUUL LABS, INC.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: May 6, 2021                                    _____
Hon. Edward M. Chen
UNITED STATES DISTRICT JUDGE

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2020 in the case of *Marcie Hamilton v. Juul Labs. Inc.,* Case No. 3:20-cv-03710-EMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____